768 So.2d 112 (2000)
STATE of Louisiana
v.
Ernest Alvin SCOTT.
No. 00-113.
Court of Appeal of Louisiana, Third Circuit.
June 7, 2000.
Rehearing Denied July 26, 2000.
*113 Loren Lampert, Alexandria, LA, Counsel for Appellee.
Michael Brewer, Pineville, LA, Counsel for Defendant/Appellant.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge JIMMIE C. PETERS and Judge MARC T. AMY).
AMY, Judge.
Defendant was tried and convicted of possession with the intent to distribute a controlled dangerous substance, Schedule II, a violation of La.R.S. 40:967(A)(1). The defendant effected this appeal alleging insufficient evidence was presented to support a conviction and a claim of ineffective assistance of counsel. For the following reasons, we affirm.

Factual and Procedural Background
On or about December 17, 1998, several members of the Alexandria Police Department, Narcotics Task Force, obtained and executed a search warrant for a garage, which was being used as a mechanic and body shop, where drug activity was suspected to be occurring. Upon arriving at the garage, the officers saw a man, later identified as Joseph Johnson, exiting the garage. However, he returned inside after seeing the approaching officers. The officers entered the garage, secured Mr. Johnson, and began a search of the premises. The search revealed a refrigerator in the corner of the garage, which was padlocked shut. After removing the door of the refrigerator, the officers found a plastic bag containing what appeared to be approximately twenty rocks of crack cocaine. A further search of the garage revealed several documents, including utility bills and receipts, bearing the name, Ernest Alvin Scott. Some of the bills contained the defendant's name, but bore a different address than that of the garage. In furtherance of their investigation, the officers traveled to the second address. The officers found the defendant at this residence, and questioned him regarding the crack cocaine found at the garage. The defendant allegedly told the officers that Mr. Johnson worked for him at the shop and that he used the crack cocaine to pay Mr. Johnson for his work. The defendant allegedly admitted that he kept the crack cocaine locked in the refrigerator so that Mr. Johnson would not smoke it all at one time.
The defendant was arrested and charged by bill of information with possession with intent to distribute a controlled dangerous substance, Schedule II, crack cocaine, a violation of La.R.S. 40:967(A)(1). A jury trial was held August 12-13, 1999, after which the defendant was convicted as charged. The trial court sentenced him to serve six years at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence.
The defendant appeals his conviction alleging the following assignments of error:
1.
The jury erred in finding sufficient evidence to convict Mr. Ernest Scott of Possession with the Intent to Distribute a Controlled Dangerous Substance, Schedule II.
2.
Mr. Scott was deprived of effective assistance of counsel at trial.

*114 Discussion of the Merits

Errors Patent
In accordance with La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. We no find such errors.

Sufficiency of the Evidence
The defendant argues that the verdict convicting him of possession with the intent to distribute crack cocaine is erroneous because the State failed to provide sufficient evidence that he knowingly and intentionally possessed the crack cocaine.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
In order to obtain a conviction, the State must prove every element of the crime charged, beyond a reasonable doubt. In the instant matter, the defendant was charged with violating La.R.S. 40:967(A)(1), which states in part:
[I]t shall be unlawful for any person knowingly or intentionally:
(1) To possess with intent to ... distribute,... a controlled dangerous substance classified in Schedule II.[1]
(Footnote added.)
To satisfy the possession element of the crime charged, the State need not prove that the defendant was in actual possession of the crack cocaine, rather, the defendant may be found guilty of constructive possession. State v. Montgomery, 98-775 (La.App. 3 Cir. 1/27/99); 734 So.2d 650. When attempting to prove constructive possession, the State must show that the substance was within the defendant's control and dominion or in his joint possession. State v. Trahan, 425 So.2d 1222 (La.1983); State v. President, 97-1593 (La. App. 3 Cir. 7/15/98); 715 So.2d 745. There are several factors which may be considered in determining whether a defendant is in constructive possession of a controlled substance. These include: the defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person who has physical possession of the drugs; the defendant's access to the area where the drugs were found; evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and evidence that the residence was frequented by drug users. State v. Perkins, 97-1119 (La.App. 3 Cir. 6/17/98); 716 So.2d 120; State v. King, 554 So.2d 254 (La.App. 3 Cir.1989).
In the instant matter, the State presented the testimony of three narcotics agents who participated in the execution of the search warrant at the garage where the crack cocaine was found. Lieutenant Larry Coutee, a supervisor of the Metro-Narcotics division, testified as to events that occurred in the execution of the search warrant at the garage which eventually lead to the discovery of the crack cocaine found in the padlocked refrigerator. Lieutenant Coutee testified that the detectives also found several documents in the garage linking the defendant to the garage as well as a residential address. Using this information, he explained that they proceeded to the residential address in search of the defendant. Detective Reginald Cooper, a narcotics agent who participated in the operation, testified that the crack cocaine seized and later weighed at the Metro-Narcotics office, weighed 5.5 grams and consisted of approximately twenty rocks of crack cocaine. Detective Cooper, the detective who questioned the defendant at his residence and again at the police station regarding the crack cocaine found at the garage, testified that:

*115 Mr. Scott voluntarily told me that it [the plastic container of crack cocaine] was his that, uh, he left it in the refrigerator for the subject that was at the location when we got there, Joseph Johnson. He said that Joseph Johnson was a crack head and that he washed cars for him during the day and was used as a night watchman on the place at night because he had been burglarized several times and he said the way that he paid him was with the crack. But he said he locked it in the refrigerator he only give him a little bit a night because if he gave it all to him Mr. Johnson would smoke it all at one time.
He also testified that the defendant had in his possession the key to the padlock found on the refrigerator which contained the crack cocaine and that the defendant turned the key over to him upon request. Detective Kary Beebe, a narcotics investigator present at the defendant's residence and at the police station during Detective Cooper's questioning of the defendant, testified at trial and corroborated Lieutenant Coutee's testimony and Detective Cooper's statements as to the defendant's admissions. Finally, the State presented the testimony of T.J. Shuflin, the laboratory director of the Alexandria Satellite Lab of the North Louisiana Crime Lab System. He explained that the lab analysis of the substance submitted in connection with the defendant's arrest, revealed that it contained a base form or freebase form of cocaine.
Reviewing the evidence presented in the light most favorable to the prosecution, we find that a rational trier of fact could have found the defendant guilty of possession with the intent to distribute crack cocaine. The jury was presented with the testimony of two narcotics agents who testified that the defendant admitted the crack cocaine was his and that he distributed it to a man who worked for him at the garage. The defendant was found to be in possession of the key to the padlock which sealed the refrigerator containing the crack cocaine. The defense offered no evidence as to anyone else possessing a key or having access to the padlocked refrigerator. Thus, we find the evidence supports a finding that the defendant had constructive possession of the crack cocaine, in that he had knowledge that the drugs were in the refrigerator and that he exercised dominion and control over the drugs by padlocking it shut and maintaining the key. Moreover, we find the evidence sufficient to prove the defendant's intent to distribute the drugs. Considering the amount of crack cocaine present, approximately 5.5 grams or twenty rocks, and the testimony regarding the defendant's admission that he distributed portions of the crack cocaine regularly to his employee as payment, this evidence was sufficient to prove the defendant's intent to distribute. Accordingly, we find the defendant's assignment of error to be without merit.

Ineffective Assistance of Counsel
The defendant alleges that his trial counsel was ineffective in three nonexclusive areas: 1) failure to file and prosecute pretrial motions; 2) failure to file and prosecute a Motion to Suppress; and 3) failure to present any defense whatsoever of Mr. Scott.
When addressing an ineffective assistance of counsel claim on appeal, this court has stated:
A claim of ineffective assistance of counsel is properly raised in a petition for post-conviction relief. State v. Burkhalter, 428 So.2d 449, 456 (La.1983) and State v. Tolliver, 464 So.2d 1088, 1090 (La.App. 1st Cir.1985). If development of evidence on the issue of insufficiency is warranted, the district attorney may order a full evidentiary hearing. State v. Seiss, 428 So.2d 444 (La.1983); State v. Brown, 384 So.2d 983 (La.1980); State v. Deloch, 380 So.2d 67 (La.1980). However, where the record contains evidence necessary to decide the issue, and the issue is raised on appeal by an assignment of error, the issue should be considered. State v. Seiss, supra; State v. *116 Burkhalter, supra, and State v. Tolliver, supra.
State v. Green, 562 So.2d 35, 36-37 (La. App. 3 Cir.1990). See also State v. Hamilton, 92-2639 (La.7/1/97); 699 So.2d 29.
After reviewing the allegations presented by the defendant, we find that they would be better maintained in a claim for post-conviction relief. We find that the record does not disclose the appropriate evidence needed to properly decide the merits of these issues. With regard to the alleged failure to file a motion to suppress, we note that the record contradicts the defendant's assertion in that a motion to suppress the crack cocaine is contained in the record, wherein it is asserted that the drugs were obtained pursuant to a defective search warrant. However, the record does not contain a transcript of the hearing denying the motion. Thus, we are unable to determine from the record the issues asserted by the defendant's trial counsel, or the court's reasons for denying this motion. Further, we find that claims of insufficiency by trial counsel in presenting a proper defense, are also more properly raised by post-conviction relief. This allegation involves considerations as to trial strategy and decisions made between counsel and client, evidence of which is not contained in the record.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Ernest Alvin Scott, are affirmed.
AFFIRMED.
WOODARD, J., concurs in the result.
NOTES
[1] Cocaine is listed as a controlled dangerous substance in Schedule II.