# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 03-618


**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL CHARLES MAGDALENO**


********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 263,233
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

********

**MARC T. AMY
JUDGE**

********

Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion, Judges.

**AFFIRMED.**


**James C. Downs**
**District Attorney**
**Loren M. Lampert**
**Assistant District Attorney**
**9th Judicial District Court**
**Post Office Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Michael Charles Magdaleno**

**Michael Charles Magdaleno**
**Pro Se**
**1506 Marilyn Drive**
**Alexandria, LA 71303**

AMY, Judge.

The defendant was convicted of possession of cocaine. A sentence of three years at hard labor was imposed, with boot camp recommended. The defendant appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

On or about April 23, 2001, Detectives Reginald Cooper and James Fields of the Alexandria Police Department, Metro Narcotics division, arrested the defendant and another man, Christopher Ducote, for possession with intent to distribute cocaine. The detectives had received a tip that suspected drug activity was taking place at a hotel where the defendant and Ducote had rented a room. When the defendant and Ducote returned to the hotel after a night out, the detectives, who had been conducting surveillance, approached and presented the defendant with a consent-to-search form for the room, which defendant read and signed. Upon entry, the detectives saw a small bag of cocaine on a table. Larger bags of cocaine were discovered under the mattresses of each of the room's two beds. In addition, baggies, a scale, and scissors were found. A total of twenty-two grams of cocaine was seized from the room, and a smaller quantity was seized from Ducote's person.

The defendant and Christopher Ducote were charged by the same bill of information with possession with intent to distribute a controlled dangerous substance, Schedule II, cocaine, in an amount less than twenty-eight grams, in violation of La.R.S. 40:967(A)(1). Ducote pled guilty to possession of cocaine, a violation of La.R.S. 40:967(C), in exchange for three years' probation and a five hundred dollar fine. A jury trial was held in the matter with respect to the defendant in January, 2003. The jury found the defendant guilty of the lesser included offense of possession of a controlled dangerous substance, Schedule II, cocaine, in violation

of La.R.S. 40:967(C). The trial court sentenced the defendant to serve three years at hard labor and recommended boot camp.

The defendant appeals his conviction, asserting in his sole assignment of error that the jury verdict fails to meet the legal standard of sufficiency of evidence to convict him of possession of a controlled dangerous substance, Schedule II, cocaine.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We find no such errors.

*Sufficiency of the Evidence*

The defendant argues that the verdict convicting him of possession of cocaine is erroneous because the State failed to produce sufficient evidence that he had possession of or dominion and control over the cocaine and that he had the requisite guilty knowledge.

The standard for determining whether a conviction meets the legal standard for sufficiency of the evidence was set forth by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). In *Jackson*, the Court noted that appellate courts must uphold a conviction when, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2788. In cases where circumstantial evidence has played a significant role in conviction, La.R.S. 15:438 also provides: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of

2

innocence." *See State v. Antoine*, 01-1036 (La.App. 3 Cir. 12/26/01), 804 So.2d 869. Moreover, if the trier of fact rejects the defendant's hypothesis of innocence, that hypothesis fails, and the defendant is guilty unless another hypothesis presented creates reasonable doubt. *State v. Marston*, 00-0589 (La. 3/16/01), 780 So.2d 1058, *citing State v. Captville*, 448 So.2d 676 (La.1984).

In the instant matter, the State presented key evidence in the form of testimony from Christopher Ducote, who was arrested with the defendant and who later pled guilty to possession of cocaine.

At the defendant's trial, Ducote testified that he and the defendant had been partying together during the weekend of their arrest. Ducote recalled that he had two to three grams of cocaine with him when the two went out the night before their arrest, and that he shared part of it with the defendant. Later that same night, the pair met two women at a local bar and decided to rent a room at a local hotel. The next day, Ducote testified, he and the defendant went swimming at the hotel pool, and some friends of Ducote's came by to purchase the remainder of his cocaine. Ducote explained that he wanted to acquire more cocaine, and he was hesitant to purchase from his usual suppliers because he had a feeling they were being watched by the police. Ducote testified that he asked the defendant if he knew anyone who would be willing to sell to him. The defendant provided Ducote with a dealer's phone number, and Ducote arranged to purchase an ounce of cocaine. Ducote stated that while the defendant was at his house showering, Ducote went to pick up the cocaine. He then picked up scales and baggies from his house and went back to the hotel to "cut" the cocaine for later resale. Later that afternoon, Ducote met up with the defendant at his home, and the two went out to eat and then to local bars. Ducote

3

noted that he had left the bulk of the cocaine at the hotel, but he had brought some with him to sell while he was out. Ducote testified that he and the defendant used some of this cocaine, and he sold some of it later while at a bar. At the end of the night, the two went back to the hotel, but upon arriving, they discovered that the key to their room no longer worked. While the defendant went to the front desk to get a new key, Ducote remained outside the room. At this point, Ducote recalled, Detectives Cooper and Fields approached Ducote, told him who they were, and asked him to identify himself. The defendant returned with a new key, and the detectives presented him with a consent form to search the hotel room. The defendant signed the form and allowed the detectives to search the room, where they found the cocaine on the table and under the mattresses. Cocaine was also found in Ducote's pocket.

Regarding the charge of possession, the State is not required to prove that the defendant was in actual possession of the cocaine; instead, the defendant may be found to have been in constructive possession. *State v. Scott*, 00-113 (La.App. 3 Cir. 6/7/00), 768 So.2d 112, *citing State v. Montgomery*, 98-775 (La.App. 3 Cir. 1/27/99), 734 So.2d 650. If the State's case is premised upon constructive possession, the State must prove that the controlled dangerous substance was within the defendant's dominion and control or in his joint possession. *Scott*, 768 So.2d 112, *citing State v. Trahan*, 425 So.2d 1222 (La.1983), and *State v. President*, 97-1593 (La.App. 3 Cir. 7/15/98), 715 So.2d 745, *writ denied*, 98-2115 (La. 12/11/98), 729 So.2d 590. Joint possession is described in *State v. Segura,* 546 So.2d 1347 (La.App. 3 Cir. 1989), as two people willingly and knowingly sharing a direct right in the thing and an ability to exercise control over it. Constructive possession is established by reference to the factors set forth in *State v. Toups*, 01-1875 (La. 10/15/02), 833 So.2d 910, in an

4

examination of the facts at hand: for example, the defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person who has physical possession of the drugs; the defendant's access to the area where the drugs were found; evidence of recent drug use by the defendant; and the defendant's physical proximity to the drugs. A sixth factor given parenthetical reference in *Toups* is "evidence that the area was frequented by drug users." *Toups*, 833 So.2d at 913, *citing Bujol v. Cain*, 713 F.2d 112 (5th Cir. 1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 726 (1984). In addition, the State must prove the defendant's guilty knowledge. *Toups*, 833 So.2d at 913. However, the mere presence of someone in the area where the controlled dangerous substance is located or mere association with the person found to be in possession of the controlled dangerous substance does not constitute constructive possession. *Id.*; *see also State v. Walker*, 369 So.2d 1345 (La.1979), *State v. Cann*, 319 So.2d 396 (La.1975).

When we examine the evidence in the light most favorable to the prosecution, we determine that a rational trier of fact could have found the defendant guilty of possession of cocaine. The prosecution provided the jury with the testimony of Christopher Ducote, which tended to show each of the factors listed in *Toups* for determining constructive possession, discussed above. (1) Ducote testified that while he and the defendant were out together during the weekend of their arrest, Ducote had cocaine with him at almost all times. The evidence supports the view that the defendant knew that illegal drugs were in Ducote's pocket or in the hotel room when the two were there. (2) Ducote explained that he and the defendant were friends and that they spent a lot of time drinking together. They spent the majority of the weekend in question in each other's company. He also confirmed that the defendant

5

was aware that Ducote was a drug dealer. The record supports the inference that the defendant and Ducote had a close relationship. (3) Ducote noted further that he would share his cocaine with the defendant when the two were out partying. Likewise, the defendant and Ducote paid for the hotel room where the cocaine was found, and the room had been rented in the defendant's name. Defendant had access to the hotel room. Consequently, there is no question of defendant's access to the area where the cocaine was. (4) Ducote testified that he and the defendant had used cocaine that weekend, which constitutes evidence of the defendant's recent drug use. (5) The defendant was in close physical proximity to the cocaine throughout the weekend and at the time of his arrest. As mentioned, Ducote testified that he and the defendant went out together, and Ducote brought cocaine along for their use; when they went back to the hotel, there was cocaine there, as well. (6) Ducote testified that while he and the defendant were at the hotel, his friends had come there to purchase cocaine. There is nothing in the record to indicate that the defendant was unaware of that deal.

On appeal, counsel for the defendant stresses that it was Ducote, not the defendant, who was in possession, that it was Ducote's cocaine, and that defendant's having voluntarily signed the consent-to-search form evinces his lack of guilty knowledge regarding the presence of cocaine. We find that, despite the argument regarding actual possession, the record supports the position that the defendant had constructive possession. Moreover, although the defendant may not have had guilty knowledge as regarding the exact amount of cocaine at the hotel room, he knew that Ducote was in possession of cocaine because Ducote had produced the drug from his very pocket for their consumption earlier in the evening.

6

The jury's verdict of guilt reflects a rejection of the defendant's hypothesis of innocence. Given the evidence in the record, this rejection was reasonable, as was the jury's determination of guilt. This assignment lacks merit.

## DECREE

For the foregoing reasons, the conviction of the defendant, Michael Charles Magdaleno, is affirmed.

**AFFIRMED.**