# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**04-449**

STATE OF LOUISIANA

VERSUS

CARLTON G. MONCEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-763-02
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and John B. Scofield\*, Judges.

**AFFIRMED. VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**

**Honorable David W. Burton**
**District Attorney**
**Richard Frederick Blankenship**
**Assistant District Attorney**
**Post Office Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Charles C. Foti, Jr.**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6000**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

* John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Carlton G. Monceaux**

**Carlton G. Monceaux**
**Calcasieu Correctional Center**
**5300 Broad Street**
**Lake Charles, LA   70615**

AMY, Judge.

The defendant was convicted of six counts of possession of a controlled dangerous substance, Schedule II, with the intent to distribute, violations of La.R.S. 40:967 and two counts of possession of a controlled dangerous substance, Schedule IV, with the intent to distribute, violations of La.R.S. 40:969. The defendant was sentenced to ten years at hard labor and ordered to pay $1,000 fines and court costs on each of the convictions for Counts One through Six. On counts Seven and Eight, the defendant was sentenced to five years at hard labor and ordered to pay fines of $1,000 plus court costs. The defendant appeals the convictions. For the following reasons, we affirm the defendant's convictions and affirm in part and vacate in part, the sentences imposed. We remand the matter for the limited purpose of resentencing with orders to impose determinate sentences on Counts Seven and Eight.

**Factual and Procedural Background**

The drug-related convictions of the defendant, Carlton G. Monceaux, stem from a burglary at the Rosepine Family Pharmacy in Rosepine, Louisiana. The burglary was discovered on the morning of October 3, 2002. Although the pharmacy was closed at the time due to the approach of Hurricane Lili, Pharmacist Matthew Peterson arrived at the business to fill an emergency prescription. Pharmacist Peterson explained that an assortment of drugs were taken from various parts of the pharmacy, including the narcotics cabinet.

According to the record, at approximately the same time of the discovery at the pharmacy, approximately 9:00 a.m., the defendant and his brother, Charles Monceaux, were involved in a minor automobile accident in nearby DeRidder. According to witnesses, the driver of the vehicle, later identified as the defendant's brother, Charles Monceaux, fled the scene of the accident on foot, running behind a nearby building. One of these witnesses, who was working at a nearby office,

explained that the passenger in the vehicle, who was identified as the defendant, entered the driver's seat of the vehicle and drove the car behind the building. The witness' coworker explained that the vehicle reappeared approximately ten minutes later, returning to the accident scene.

According to the investigating officer, the defendant initially informed him that he was driving the vehicle when it struck the other vehicle involved, but then later admitted that his brother was driving. The officer testified that the defendant explained that his brother fled the scene due to some previous problems with the police. The record indicates that the defendant was then arrested for hit and run and obstruction of justice and taken to the DeRidder Police Department.

A warrant search for the defendant's brother revealed an outstanding probation warrant. Following a search of the area, police officers discovered Charles Monceaux sitting on a curb, close to the scene of the accident, with a briefcase in his lap and two large trash bags at his side. Testimony indicates that the trash bags were found to be full of bottled and boxed pharmaceuticals, some of which bore the name of Rosepine Family Pharmacy. When the briefcase was opened, it also contained a quantity of pills.

The defendant was charged by amended bill of information with six counts of possession of a controlled dangerous substance with intent to distribute, Schedule II, violations of La.R.S. 40:967, and two counts of possession of a controlled dangerous substance with intent to distribute, Schedule IV, in violation of La.R.S. 40:969. Following an August 2003 trial, a jury found the defendant guilty as charged on all counts. The trial court subsequently sentenced the defendant to ten years at hard labor, and a one thousand-dollar fine, plus court costs, for each of Counts One through Six. On Counts Seven and Eight, the trial court sentenced the defendant to

five years at hard labor, and a one thousand-dollar fine, plus court costs. All sentences were ordered to run concurrently. A motion for reconsideration of the sentence was denied.

On appeal, the defendant advances the following assignments of error:

I.      The Trial Court erred in admitting other crimes evidence at Appellant's trial.

II.     The Trial Court erred in finding Appellant guilty of possession of a controlled dangerous substance with the intent to distribute.

III.    The Trial Court erred in overruling defense counsel's objections to the value of the drugs and the admission of drugs Appellant was not charged with possessing.

**Discussion**

*Error Patent*

As is required by La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. Our review reveals one such error, namely the imposition of indeterminate sentences on Counts Seven and Eight. With regard to these sentences, the trial court stated:

> [A]nd serve five years at hard labor with the Department of Corrections and pay fines of $1,000 plus court costs on Counts 7 and 8. All sentences are to run concurrent, and you shall receive credit for all time served prior to the imposition of this sentence.

Although the term "fines" indicates that a separate, $1,000.00 fine was imposed on both Count Seven and Count Eight, the trial court's sentence is unclear whether separate, five-year sentences are imposed for Counts Seven and Eight. We conclude that the sentence, as phrased, is indeterminate and, therefore, violative of La.Code Crim.P. art. 879.[1] Accordingly, we vacate the sentence(s) on Counts Seven and Eight and remand this matter for imposition of a determinate sentence on each of these two

_____

[1]Article 879 provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."

counts. *See* La.Code Crim.P. art. 879; *State v. Taylor*, 01-680 (La.App. 3 Cir. 11/14/01), 801 So.2d 549.

*Sufficiency of the Evidence*

The defendant argues the State failed to prove beyond a reasonable doubt that he was in possession of the drugs, whether actual or constructive. The defendant also contends that the State's evidence was insufficient to establish that he had the intent to distribute the drugs.

Defendant was charged with a total of eight counts of possession of a controlled dangerous substance, Schedules II and IV drugs. See La.R.S. 40:967 and 969. The drugs defendant was charged with being in possession of were methadone, meperidine, oxycodone, morphine, hydrocodone, codeine, alprazolam, and diazepam in pill form. According to La.R.S. 40:964, the first six are Schedule II substances, while the latter two are classified as Schedule IV. A pharmacist's log indicates the recovery of many thousands of pills from the bags and briefcase.

The offense of possession with intent to distribute Schedule II substances is regulated by Louisiana Revised Statutes 40:967 which provides, in pertinent part:

> A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
>
> (1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II[.]

With regard to Schedule IV substances, La.R.S. 40:969 provides, in pertinent part:

> A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
>
> (1) To produce, manufacture, distribute or dispense or possess

4

with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule IV[.]

On appeal, we consider a sufficiency claim under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), wherein the United States Supreme Court explained that the reviewing court must consider whether a rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. In doing so, the reviewing court must consider the evidence in the light most favorable to the State. *Id.*

With regard to possession, this court held in *State v. Magdaleno*, 03-618, p. 4-5 (La.App. 3 Cir. 10/1/03), 856 So.2d 1246, 1249-50, *writ denied,* 03-3342 (La. 3/26/04), 871 So.2d 347:

> [T]he State is not required to prove that the defendant was in actual possession of the cocaine; instead, the defendant may be found to have been in constructive possession. *State v. Scott*, 00-113 (La.App. 3 Cir. 6/7/00), 768 So.2d 112, citing *State v. Montgomery*, 98-775 (La.App. 3 Cir. 1/27/99), 734 So.2d 650. If the State's case is premised upon constructive possession, the State must prove that the controlled dangerous substance was within the defendant's dominion and control or in his joint possession. *Scott*, 768 So.2d 112, citing *State v. Trahan,* 425 So.2d 1222 (La.1983), and *State v. President*, 97-1593 (La.App. 3 Cir. 7/15/98), 715 So.2d 745, *writ denied*, 98-2115 (La.12/11/98), 729 So.2d 590. Joint possession is described in *State v. Segura,* 546 So.2d 1347 (La.App. 3 Cir.1989), as two people willingly and knowingly sharing a direct right in the thing and an ability to exercise control over it. Constructive possession is established by reference to the factors set forth in *State v. Toups,* 01-1875 (La.10/15/02), 833 So.2d 910, in an examination of the facts at hand: for example, the defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person who has physical possession of the drugs; the defendant's access to the area where the drugs were found; evidence of recent drug use by the defendant; and the defendant's physical proximity to the drugs. A sixth factor given parenthetical reference in *Toups* is "evidence that the area was frequented by drug users." *Toups,* 833 So.2d at 913, citing *Bujol v. Cain,* 713 F.2d 112 (5th Cir.1983), *cert. denied,* 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984). In addition, the State must prove the defendant's guilty knowledge. *Toups,* 833 So.2d at 913. However, the mere presence of someone in the area where the controlled dangerous substance is located or mere association with the person found to be in possession of the controlled dangerous substance does not constitute constructive possession. *Id.*; see also *State*

*v. Walker*, 369 So.2d 1345 (La.1979), *State v. Cann,* 319 So.2d 396 (La.1975).

In support of its case, the State presented the testimony of several officers of the DeRidder Police Department who either responded to the accident scene or who discovered Charles Monceaux along with the drugs at issue. Sergeant Chris Rudy testified that when he arrived at the scene of the accident, the defendant was waiting in a nearby parking lot. According to Sergeant Rudy, the defendant initially stated that he was the owner of the car and that he struck another vehicle as he pulled out of a side street onto the main road. However, after being confronted with a witness' statement that another person, who had fled, was in the car, the defendant admitted his brother, Charles, had been with him. Sergeant Rudy also testified that the defendant later admitted that his brother had been the driver of the vehicle and eventually reported that his brother had prior problems with the law, which led him to leave the scene. The defendant also told Sergeant Rudy that he and his brother had driven north from Lake Charles the night before, fleeing Hurricane Lili. He stated that they had a sister in DeRidder, but they could not locate her so they spent the night in the car.

Tonya Jarrell and Priscilla Dearmon, employees of a business located on the main road where the accident occurred, testified as to the movements of the men following the accident. Ms. Jarrell saw the defendant and a man exit the car and hold a brief conversation on the passenger's side of the car. According to Ms. Jarrell, the man who was driving left the scene and ran past her building. Ms. Dearmon went outside to see where the man had gone and saw him run behind the nearby K-Mart building. Both testified that, afterward, the man identified as the defendant drove the vehicle behind the K-Mart building. Ms. Dearmon testified that approximately eight to ten minutes later, the defendant drove from behind the building and across the

street where the police had arrived at the scene.

According to Officer Ricky Johnson, Charles Monceaux was discovered sitting on a curb beside the First Franklin Financial building. Next to him were two large, black trash bags and on his lap was a briefcase. Officer Johnson testified that it was apparent that the trash bags were full of bottles and boxes. When asked if he would open the briefcase, Charles Monceaux told Lieutenant John Gott that he did not know the combination and that the briefcase belonged to his brother, Carlton.

Lieutenant Gott testified that when the defendant was questioned as to whether the briefcase was his, he confirmed it was. The lieutenant then asked for the combination and the defendant told him the combination. When the lieutenant opened the briefcase, he found drugs, both in the original bottles and in plastic baggies.

Although the defendant argues in brief that there was nothing presented at trial to indicate he was aware of the drugs found in his brother's possession, the facts, when viewed in a light most favorable to the prosecution as required by the standard of review, indicates the defendant's awareness of the contents of the trash bags and his briefcase.

Ms. Jarrell and Ms. Dearmon testified that after Charles Monceaux ran behind the K-Mart building, the defendant left the scene of the accident in the car before the police arrived and drove behind the building. Ms. Dearmon explained that he reemerged eight to ten minutes later. Given these facts, it would not be unreasonable for the jury to conclude that the drugs were taken from the vehicle after the car disappeared behind the K-Mart building and before the defendant returned to talk to the police. Accordingly, the record supports the finding that the defendant had joint possession of the drugs or at the least that the defendant exercised dominion and

control sufficient to constitute constructive possession of the drugs, even though it was his brother who was discovered in actual possession.

We also find evidence sufficient to support the finding that the defendant possessed the drugs with the intent to distribute. Intent to distribute can be inferred from the circumstances surrounding the arrest. *State v. Hearold*, 603 So.2d 731 (La.1992). In *Hearold*, the Louisiana Supreme Court explained that: "Intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred." *Id.* at 735. The court further listed five factors useful in determining whether circumstances are such that intent to distribute can be inferred:

> 1) [W]hether the defendant ever distributed or attempted to distribute the drug; 2) whether the drug was in a form usually associated with possession for distribution to others; 3) whether the amount of drug created an inference of an intent to distribute; 4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and 5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

*Id.*

Under the circumstances of the present case, several of these factors were not determinable. The burglary had just occurred and the drugs were still in the original bottles and boxes. Moreover, there was no testimony whether defendant was ever involved in distribution or attempted distribution of drugs. However, the supreme court also stated in *Hearold* that "[i]n the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible." *Id.* at 735-36. The State's evidence established that the quantity of drugs discovered was large, with the pill count numbering well into the thousands. Not only were drugs present for which the defendant was billed, but a number of others were present as well. Pharmacist Peterson testified that the drugs taken were

primarily painkillers, tranquilizers, and antidepressants and that, due to the pharmacy's shelving system, were taken from "hundreds" of places within the pharmacy. We conclude that the nature and amount of the drugs established in the record was sufficient for the jury to conclude that the defendant had the requisite intent to distribute.

This assignment lacks merit.

*Other Crimes Evidence*

The defendant also argues that admission of testimony regarding the burglary of the pharmacy was impermissible other crimes evidence. The defendant argues in brief that the introduction of testimony regarding burglary of the pharmacy was not necessarily an integral part of the crimes for which he was charged.

Louisiana Code of Evidence Article 404(B)(1), in pertinent part, provides:

> Except as provided in Article 412, evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. . . . or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

In *State v. Taylor,* 01-1638, p. 10-11 (La. 1/14/03), 838 So.2d 729, 741, the Louisiana Supreme Court explained:

> Generally, courts may not admit evidence of other crimes to show defendant is a man of bad character who has acted in conformity with his bad character. However, under La. C.E. art. 404(B)(1) evidence of other crimes, wrongs or acts may be introduced when it relates to conduct, formerly referred to as *res gestae*, that "constitutes an integral part of the act or transaction that is the subject of the present proceeding." *Res gestae* events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them. A close proximity in time and location is required between the charged offense and the other crimes evidence "to insure that 'the purpose served by admission of other crimes evidence is not to depict defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and

place.' " *State v. Colomb*, 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076 (quoting *State v. Haarala*, 398 So.2d 1093, 1098 (La.1981)). . . . In addition, as this court recently observed, integral act (*res gestae*) evidence in Louisiana incorporates a rule of narrative completeness without which the state's case would lose its "narrative momentum and cohesiveness, 'with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.' " *Colomb,* 747 So.2d at 1076 (quoting *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

On appeal, we review a trial court's ruling on the admissibility of other crimes evidence for abuse of discretion. *State v. Davenport*, 33,961 (La.App. 2 Cir. 11/1/00), 771 So.2d 837, *writ denied*, 00-3294 (La. 10/26/01), 799 So.2d 1150. *See, e.g.*, *State v. Bailey*, 95-78 (La.App. 3 Cir. 11/2/95), 664 So.2d 665, *writ denied*, 96-609 (La. 6/21/96), 675 So.2d 1077.

On the morning of trial, defense counsel made an oral motion for a *Prieur* hearing, which was granted. In ruling after the hearing, the trial court stated:

> The Court finds that the burglary of the pharmacy in this case is admissible because this was a continuing event and the drugs in question – subject to the State making proof thereof, that these drugs were obtained from that pharmacy within hours of the time of the arrest of Mr. Monceaux. I believe it is an integral part of it. And so I will allow the evidence.

The trial court, however, would not permit the introduction of the fact that defendant was charged with the burglary in Vernon Parish.

Evidence regarding the burglary was admitted through the testimony of Pharmacist Peterson, who testified as to the nature, classification, and quantity of the drugs at issue. He also identified purchase receipts which were still in the trash bags containing the drugs, which verified that the drugs originated at the pharmacy. Our review of the record reveals no abuse of discretion in the trial court's determination to permit the introduction of the evidence. The pharmacist's testimony regarding the

10

type and quantity of drugs involved could not only be considered an integral part of the crime, but was probative on the issue of intent as well.

This assignment lacks merit.

*Evidence as to Value of the Drugs*

In his final assignment of error, the defendant contends that the trial court erred when it allowed testimony regarding the value of all the drugs at issue and testimony regarding drugs which were taken during the robbery but which were not subject of the charges brought against him.

Article 403 of the Louisiana Code of Evidence provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." A trial court's determination as to relevancy/undue prejudice will not be reversed on appeal absent an abuse of discretion. *State v. Cosey*, 97-2020 (La. 11/28/00), 779 So.2d 675, *cert. denied*, 533 U.S. 907, 121 S.Ct. 2252 (2001).

Pharmacist Peterson testified that the theft of the drugs cost him a loss of approximately twenty thousand dollars and testified as to the individual cost of each of the drugs taken. The defendant objected to the testimony of the value of the drugs, arguing that the evidence was not relevant and, furthermore, was unduly prejudicial to his case. The trial court overruled the defendant's objections stating that: "I suppose it does affect or is relevant to the question of intent. It does have some relevance to the intent to distribute, as opposed to personal use. So I will allow it." The defendant also objected to testimony regarding the quantity of all the drugs taken from the store as opposed to only the drugs the defendant was charged with

possessing. Again, the trial court reasoned that the information regarding all the drugs taken was relevant as to the intent to distribute.

The recitation of the list of drugs at issue was not unduly prejudicial when balanced with its probative value of intent to distribute. As stated above, a determination that the large quantity discovered was relevant to distribution was not an abuse of discretion. Furthermore, other than an allegation of such, the defendant fails to show how the quantity and value of the drugs found in his possession was prejudicial, misleading, or confusing to the jury in his case.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the defendant's convictions are affirmed. The sentences imposed on Counts One through Six are also affirmed. The sentence(s) imposed on Counts Seven and Eight are vacated. This matter is remanded to the trial court for the limited purpose of imposition of determinate sentences on Counts Seven and Eight.

**AFFIRMED. VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**