# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1250

**STATE OF LOUISIANA**

**VERSUS**

**JOHN R. TURNER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR2003-3321
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

**Saunders, J., dissents and assigns reasons.**

Douglas L. Hebert,  Jr.
District Attorney
33rd Judicial District Court
Post Office Drawer 839
Oberlin, LA   70655
(337) 639-2641
Counsel for Appellee:
       State of Louisiana

Carey J. Ellis,  III
Louisiana Appellate Project
Post Office Box 719
Rayville, LA   71269-0719
(318) 728-2043
Counsel for Defendant/Appellant:
       John R. Turner

John R. Turner
Allen Parish Prison
Court Street
Post Office Box 278
Oberlin, LA   70655

AMY, Judge.

Following a jury trial, the defendant was convicted of possession of hydrocodone in violation of La.R.S. 40:968(C), possession of alprazolam in violation of La.R.S. 40:969(C), possession of marijuana in violation of La.R.S. 40:966(C), and various traffic violations resulting from a traffic stop. The defendant appeals, challenging his conviction with regard to the three controlled substance possession convictions.

## Factual and Procedural Background

On September 17, 2002, the defendant, John R. Turner, was pulled over at approximately 8:45 p.m. while driving his pick-up truck on Highway 190 in Allen Parish. Allen Parish Sheriff's Deputy Joe Perkins testified at the defendant's trial that, while on patrol that night, he saw a truck driving erratically from one shoulder of the road to another. Once stopped, the defendant got out of his truck and Deputy Perkins told him that he stopped him for crossing left of center, having a broken tail light, and not having a visible license plate. Deputy Perkins stated that the defendant was acting nervously, rubbing his hands, pacing, and not looking directly at him. Deputy Perkins testified that the defendant told him that his license plate was behind the seat of the truck, and that he followed the defendant to retrieve it. The deputy said that, when the defendant opened the driver's side door to get the license plate, he noticed the smell of marijuana that had been smoked. Deputy Perkins stated that, after he retrieved the license plate, he requested a license plate check from dispatch, as well as a driver's license and warrant check on the defendant.

The deputy testified that, after hearing from dispatch that the defendant's driver's license was suspended, he began to write the traffic citations. Deputy Perkins stated that he arrested the defendant, advised him of his *Miranda* rights, and placed him in the back of his patrol car. He said that, after placing him under arrest,

he presented the defendant with a consent to search waiver form, which the defendant refused to sign. The deputy said that he then got out and went behind his vehicle to use his cellular telephone to request a canine unit from the Kinder Police Department, which he stated never arrived. He testified that he returned to the vehicle, where he continued working on the citations while he waited for the canine unit to arrive. The deputy said that, after approximately ten minutes, the defendant told him that he would sign the consent to search form.

Deputy Perkins testified that, after signing the form, the defendant volunteered that he had some pills in a cigarette box sitting on the seat of the truck. He stated that the defendant did not say who owned the pills, nor did he mention any marijuana. The deputy then went to search the truck and found the cigarette box, which contained two white pills, two blue pills, and two light blue pills, as well as two unused hand-rolled marijuana cigarettes and the ends from two hand-rolled marijuana cigarettes which had been smoked. The deputy testified that after the defendant was brought to the sheriff's office, he signed a *Miranda* rights waiver form.

After the evidence was tested, the defendant was charged by bill of information with possession of hydrocodone in violation of La.R.S. 40:968(C)[1] for the white and

---

[1] We note that hydrocodone is typically considered to be a Schedule II controlled substance, as it is listed in La.R.S. 40:964, Schedule II(A)(1)(k). Presently, hydrocodone may also be charged as a Schedule III controlled substance where, in certain amounts, it is found to have been mixed with "one or more active, nonnarcotic ingredients in recognized therapeutic amounts."

In this case, Gary Rogers, the director of the Southwest Louisiana Crime Lab, testified that he personally performed the analysis of the substances collected from the defendant's truck. Mr. Rogers testified that four of the pills examined were determined to be hydrocodone, which could be classified as a Schedule II drug. However, Mr. Rogers stated all four of the pills in this case contained acetaminophen as well as hydrocodone, which caused them to be classified in Schedule III, and not Schedule II.

Neither the State nor the defendant objected to the classification at trial or on appeal, and the defendant has not claimed surprise or prejudice regarding the charge. We further note that any such objection would likely be subject to harmless error review. *See* La.Code Crim.P. art. 464. ("Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.")

2

light blue pills, possession of alprazolam in violation of La.R.S. 40:969(C) for the blue pills, possession of marijuana in violation of La.R.S. 40:966(C), driving left of center in violation of La.R.S. 32:71, reckless operation in violation of La.R.S. 14:99, driving without tail lights in violation of La.R.S. 32:304, driving under suspension in violation of La.R.S. 32:415, and driving without a license plate in violation of La.R.S. 32:51. Following a jury trial, the defendant was convicted of possession of hydrocodone and possession of alprazolam. At the same trial, the trial court found the defendant guilty of possession of marijuana, driving left of center, no tail lights, and no license plate. The trial court found him not guilty of driving under suspension.

On March 23, 2004, the defendant was sentenced on all counts. The defendant was sentenced to serve three years at hard labor for each of the two felony drug possession convictions; the sentences were ordered to be served concurrently. For possession of marijuana, he was sentenced to serve six months in parish jail. The defendant now appeals, asserting that the evidence presented at his trial was not sufficient to support the verdicts of possession of hydrocodone and alprazolam without a prescription and possession of marijuana. The defendant does not contest his traffic violation convictions.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors that require correction.

3

*Sufficiency of the Evidence*

Possession of Marijuana

On appeal, the defendant contends that the evidence presented by the State at his trial was insufficient to convict him for possession of alprazolam, hydrocodone, and marijuana. We will consider the defendant's conviction for possession of marijuana first. Although the defendant contests his marijuana conviction, he does not specifically make any arguments with regard to that conviction. The defendant's marijuana conviction was a misdemeanor, and the proper appellate review would be by writ and not appeal. La.Code Crim.P. art. 912.1.[2] Consequently, this court severs the misdemeanor conviction from this appeal and orders the defendant to file a writ of review regarding the possession of marijuana conviction in compliance with the Rules of Court. This court considers the notice of appeal as a notice to file a writ of review within thirty days of this opinion if he desires to seek review of the possession of marijuana conviction.

---

[2] Louisiana Code of Criminal Procedure Article 912.1 states:

A. The defendant may appeal to the supreme court from a judgment in a capital case in which a sentence of death actually has been imposed.

B. (1) The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury, except as provided in Paragraph A or Subparagraph (2) of this Paragraph.

(2) An appeal from a judgment in a criminal case triable by jury from a city court located in the Nineteenth Judicial District, except as provided in Paragraph A of this Article, shall be taken to the Nineteenth Judicial District in the parish of East Baton Rouge.

C. (1) In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.

(2) An application for review by the defendant shall not suspend the execution of sentence, unless the defendant is admitted to postconviction bail.

Possession of Hydrocodone and Alprazolam

The defendant asserts on appeal that there was insufficient evidence to convict him of possession of Schedule III and IV drugs without a prescription because he did not knowingly or intentionally possess the drugs. In support of this, he argues that the evidence establishes that the drugs belonged to another and that the State failed to prove that the drugs were, either actually or constructively, under his dominion or control.

The defendant points to the testimony of Clarence Strother, who is married to the defendant's sister, Pearl Ann Strother. Mr. Strother testified that he had suffered from a back injury since June 2002, and had taken prescription pain medication since then. He stated that he had been prescribed hydrocodone, which is generic for Lorcet, in varying dosages by multiple physicians. Mr. Strother also testified that his wife had a nervous breakdown in 2002 and has been prescribed alprazolam, which is a generic for Xanax. Mr. Strother stated that the defendant had been living with the Strothers at the time of his arrest and that, because they did not have an operable vehicle, the defendant often allowed them to use his. He explained that, on the day of the defendant's arrest, his wife and he had used the defendant's truck to get groceries and fill their prescriptions. Mr. Strother testified that neither he nor his wife carry their prescription medicine in the pharmacy bottles because they do not want to have that much with them on the street. Instead, he said that they would carry what they needed for the day with them in a cigarette package or the cellophane wrapping from a cigarette package. He testified that, on the day the defendant was arrested, he had placed the pills in the cigarette box and left them in the truck by accident. He stated that neither he nor his wife had given the medication to the defendant, and that the pills found in the truck belonged to him and his wife.

5

The defendant argues in his appellate brief that, based on his contention that the pills did not belong to him, the State did not establish at trial exactly where in the vehicle the cigarette box was located, and whether or not the box was subject to the defendant's dominion and control. The defendant suggests that, based on the State's failure to demonstrate where the box was located within the truck, whether it was covered or uncovered, or whether it bore the defendant's fingerprints, reasonable doubt existed as to the defendant's guilt.

This court has stated that sufficiency of the evidence questions are considered using the following standard of review:

> [A] reviewing court must consider the evidence presented in the light most favorable to the prosecution and consider whether a rational trier of fact could have concluded that the essential elements of the offense were proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court defers to rational credibility and evidentiary determinations of the trier of fact. *State v. Marcantel*, 00-1629 (La.4/3/02), 815 So.2d 50.

*State v. Chesson*, 03-606, p. 5 (La.App. 3 Cir. 10/1/03), 856 So.2d 166, 172, *writ denied*, 03-2913 (La. 2/13/04), 867 So.2d 686.

Further, when the conviction is based on circumstantial evidence, La.R.S. 15:438 sets forth the rule that "assuming every fact to be proved that the evidence tends to prove, in order to convict, [the circumstantial evidence] must exclude every reasonable hypothesis of innocence." However, the Louisiana Supreme Court has held that La.R.S.15:438 does not establish a stricter standard of review than the rational juror's reasonable doubt formula, which is considered more general in nature. *State v. Toups*, 01-1875 (La. 10/15/02), 833 So.2d 910.

The defendant was convicted of possession of hydrocodone in violation of La.R.S. 40:968(C) and of possession of alprazolam in violation of La.R.S. 40:969(C). These statutes make it unlawful for a person to knowingly or intentionally possess a

6

controlled dangerous substance as classified in Schedule III and Schedule IV, respectively.[3]

The Louisiana Supreme Court explained the requirements of proving possession in *Toups*, 833 So.2d 910. The court stated:

> The State need not prove that the defendant was in physical possession of the narcotics found; constructive possession is sufficient to support a conviction. The law on constructive possession is as follows:
>
>> A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it. . . . Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. . . .
>
> *State v. Trahan*, 425 So.2d 1222 (La.1983) (citing *State v. Smith*, 257 La. 1109, 245 So.2d 327, 329 (1971)). However, it is well settled that the mere presence in an area where drugs are located or the mere association with one possessing drugs does not constitute constructive possession. *State v. Harris*, 94-0970 (La.12/8/94), 647 So.2d 337; *State v. Bell*, 566 So.2d 959 (La.1990).
>
> A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. *State v. Hughes*, 587 So.2d 31, 43 (La.App. 2 Cir.1991), *writ denied*, 590 So.2d 1197 (La.1992); *see also Bujol v. Cain*, 713 F.2d 112 (5 Cir.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984) (listing above factors as well as a sixth factor: "evidence that the area was frequented by drug users").

---

[3] Possession of a Schedule III controlled substance is prohibited by La.R.S. 40:968(C) which states, in part:

> It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule III unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, or as provided in R.S. 40:978 or R.S. 40:1239, while acting in the course of his professional practice or except as otherwise authorized by this Part.

Louisiana Revised Statutes 40:969(C) contains the same elements, but relates to possession of a Schedule IV controlled dangerous substance.

*Id.* at 913. *See also State v. Magdaleno*, 03-618 (La.App. 3 Cir. 10/1/03), 856 So.2d 1246, *writ denied*, 03-3342 (La. 3/26/04), 871 So.2d 347.

A similar situation to the instant case is found in *State v. Craft*, 01-248 (La.App. 3 Cir. 10/3/01), 796 So.2d 907.  In *Craft*, the defendant told a deputy that he took one pill each from two prescription medicine bottles found in the console of his truck.  The defendant's sister testified that the prescriptions were hers and were in her bag that the defendant was bringing home for her while she was in the hospital.  This court stated:

> Considering the testimony, we find that the State presented sufficient evidence to show that the Defendant had the specific intent to possess the pills found on the console of the truck.  At the time of his arrest, the Defendant told Deputy Iles that the pills in the bottle belonged to him.  His statement did not differentiate between the different types of pills.  Based upon the evidence presented, the trial court made a credibility determination and was free to believe or reject any of the evidence.

*Id.* at 911.

In another similar case, the Louisiana Supreme Court reversed this court, finding this court erred by "substituting its appreciation of the facts and evidence presented at trial" and discounting the defendant's admission that he rented the car in which in which illegal drugs were found, the occupant's conflicting stories, and the presence of odor-masking dryer sheets.  *State v. Major*, 03-3522 (La. 12/1/04), 888 So.2d 798, 799.  The court found the defendant had dominion and control over the cocaine because he had dominion and control over the vehicle in which the drugs were found.  The court stated:

> As driver and ostensible renter of the vehicle, the defendant had complete and authorized access to the glove box and dashboard area where the drugs were found.  Furthermore, the location of the drugs was within the reach of and accessible to the defendant as the driver.  These facts alone are sufficient to convince a rational trier of fact beyond a reasonable doubt that the defendant exercised ample control and

8

dominion over the cocaine to constitute the required element of constructive possession.

*Id.* at 803. The court also noted that the defendant's nervous demeanor and implausible itinerary indicated his guilty knowledge.

When we examine the evidence in the light most favorable to the prosecution, we determine that a rational trier of fact could have found the defendant guilty of possession of hydrocodone and alprazolam. The prosecution provided the jury with Deputy Perkins' testimony that the defendant admitted to him that he knew that the pills were in the cigarette box in the truck he was driving. The defendant never stated that the pills belonged to someone else. The drugs were found in a cigarette box in the truck that he owned and exclusively possessed at the time it was stopped.

The prosecution also presented Deputy Perkins' uncontroverted testimony that the defendant appeared to be "more nervous than a person should be on a normal traffic stop of that nature." The deputy testified that the defendant was pacing, was rubbing his hands, and would not look directly at him.

In addition, Deputy Perkins testified that he smelled recently smoked marijuana when he stopped the defendant's vehicle. The marijuana cigarettes, some of which had been smoked, were found in the cigarette box with the pills. The defendant relies upon the testimony of his brother-in-law, who stated that he and his wife had valid prescriptions for the drugs that were found in the truck and that they had left them inside the truck on the date in question. However, the defendant's brother-in-law also testified that when he put the pills in the cigarette box, he did not see the marijuana. Therefore, the jury was free to find that the defendant saw the pills when he placed the marijuana in the cigarette pack, or to discredit the brother-in-law's testimony entirely.

9

The defendant offered some evidence to support his argument that the drugs found in his car did not belong to him; however, the jury's verdict of guilty reflects a rejection of the defendant's hypothesis of innocence. Given the evidence in the record, we conclude that this rejection was reasonable, as was the jury's determination of guilty. This assignment has no merit.

## DECREE

For the foregoing reasons, John R. Turner's convictions for the possession of hydrocodone in violation of La.R.S. 40:968(C) and possession of alprazolam in violation of La.R.S. 40:969(C) are affirmed.

**AFFIRMED.**

KA 04-1250
**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

STATE OF LOUISIANA

VERSUS

JOHN R. TURNER

SAUNDERS, J. dissenting.

An analysis of the record reveals that the state's only evidence was the officer's testimony and specifically the statement by the Defendant to the officer. The direct evidence does not contain any information to suggest that the Defendant had an intent to possess, rather it merely reveals that, at some point, the Defendant became aware of the fact that the cigarette pack contained pills. Accordingly, the direct evidence alone is insufficient to establish the Defendant's guilt, and there must be an analysis of the circumstantial evidence. "Circumstantial or indirect evidence is evidence which, if believed, proves a fact and from that fact you may logically and reasonably conclude that another fact exists." *Independent Fire Insurance Co. v. Sunbeam Corp.,* 99-2181, p.18 (La. 2/29/00) 755 So.2d 226, 237. "The rule of circumstantial evidence is that 'assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.'" *State v. ALO,* 04-62 (La.App. 5 Cir. 10/12/04) 886 So.2d 1130, 1132. One critical and uncontradicted hypothesis in the present case is that made by the defense, i.e., that the medication belonged to the sister and brother-in-law of the Defendant and was

accidentally left in the vehicle.

For the defense, Clarence Strother testified that on the date in question, Strother and his wife used the Defendant's truck to get prescriptions filled and get groceries. Later that day, the Defendant picked up the truck. Strother testified that neither he nor his wife carry their prescription medicine in the pharmacy bottle because they do not want to have that much with them on the street. He stated they would just carry what they needed for the day and that he normally places them in a cigarette pack. Strother testified that on the day the Defendant was arrested, he had placed the pills in the cigarette box and left them in the truck by accident. He denied giving the medication to the Defendant. Strother testified that the pills in the truck belonged to him and his wife.

In addition, Frosty McClumb, Thrifty City's pharmacist and a disinterested witness, testified that the printout for Clarence Strother's prescriptions shows that on the date in question, September 17, 2002, he filled a prescription for hydrocodone. McClumb testified that the printout for Pearl Strother revealed that she had a prescription filled on the same date for alprazolam.

The defense presented evidence of a plausible and uncontradicted scenario of events and a valid reason why the drugs may have been in the Defendant's vehicle. The State failed to establish at trial that the Defendant knowingly possessed illegal drugs. Although the Defendant told the officer about the pills in his truck before the search began, there was no evidence presented to establish that the Defendant knew or should have known that the six pills in the cigarette pack were controlled dangerous substances. Therefore, the evidence failed to show that

2

the Defendant had the criminal intent to possess the drugs. There was no evidence that the Defendant had converted the drugs to his personal use. The circumstantial evidence rule requires that circumstantial evidence must negate "every reasonable hypothesis of innocence." It thus appears that the state failed to negate the hypothesis presented by the defense.

I respectfully dissent.