801 So.2d 549 (2001)
STATE of Louisiana
v.
James TAYLOR.
No. 01-0680.
Court of Appeal of Louisiana, Third Circuit.
November 14, 2001.
Honorable William E. Tilley, District Attorney, Leesville, LA, Counsel for Plaintiff/Appellee State of Louisiana.
Terry Wayne Lambright, Dowden, Hicks & Lambright, Leesville, LA, Counsel for Plaintiff/Appellee, State of Louisiana.
Charles A. Sam Jones, III, Attorney at Law, DeRidder, LA, Counsel for Defendant/Appellant James Taylor.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD and MARC T. AMY, Judges.
AMY, Judge.
The defendant appeals as excessive the sentences imposed following his conviction on two counts of issuing worthless checks, violations of La.R.S. 14:71. Following patent error review, we vacate the sentences as imposed and remand for resentencing.

Factual and Procedural Background
The defendant, James Taylor, was charged by bills of information with two counts of issuing worthless checks in excess of five hundred dollars, violations of La.R.S. 14:71. As part of a plea agreement, the defendant entered guilty pleas to the two charges on January 5, 2001. The State agreed to dismiss fifteen other pending charges for issuing worthless checks and theft, violations of both La.R.S. 14:71 and 14:67, respectively, in exchange for the defendant's guilty plea and his agreement to pay restitution to the victims of the various charges.
The defendant was sentenced on March 28, 2001. On one charge, the trial court imposed a sentence of eight years at hard labor, five years suspended. The defendant was ordered to pay a fine of $1,200.00, plus court costs. On the remaining charge, the trial court imposed a sentence of six years at hard labor and a fine of $1,200.00, plus court costs. The entirety of this second sentence was suspended and ordered to run concurrently with the eight-year sentence imposed on the first charge. Further, the trial court imposed a five-year probation period to be served at the end of the term of incarceration. The probation period was imposed subject to the conditions of La.Code Crim.P. art. 895 and the following special conditions: restitution to the various victims, payment of fines, costs, and restitution *550 within three years in three equal annual installments or more frequently; and payment of monthly $50.00 supervision fees while under active supervision.
The defendant filed a motion to reconsider sentence on April 2, 2001. The motion was denied. He now appeals the sentences as unconstitutionally excessive.

Discussion

Errors Patent
As is required by La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. Our review reveals one such error, requiring the defendant's sentences to be vacated and the matter remanded for resentencing.
After suspending five years of the defendant's eight-year sentence and the totality of the six-year sentence, the trial court imposed a five-year supervised probation period. It is unclear, however, to which sentence this probation period applies or whether it applies to each. Thus, the sentences are indeterminate and in violation of La.Code Crim.P. art. 879, which provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."
Finding the defendant's sentences indeterminate, we vacate the sentences and remand this matter to the trial court for the imposition of determinate sentences. In doing so, we instruct the trial court to specify whether the periods of probation are to be served concurrently or consecutively and upon what point the probated sentences begin as to each count. See La.Code Crim.P. art. 883.[1]
Due to our finding that the defendant's sentences must be vacated following the discovery of the above patent error, we do not address the defendant's claim that the sentences are excessive.

DECREE
For the foregoing reasons, the sentences of the defendant, James Taylor, are vacated. This matter is remanded to the trial court for imposition of determinate sentences.
SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Article 883 provides:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constitution parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently. See also State v. Bradley, 99-364 (La.App. 3 Cir. 11/3/99); 746 So.2d 263.