827 So.2d 657 (2002)
STATE of Louisiana
v.
Ronald RANDLE.
Nos. CR02-309, CR02-310.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*659 Stephanie Cochran, District Attorney, Lake Charles, LA, for State/Appellee.
Paul Marx, Louisiana Appellate Project, Lafayette, LA, for Defendant/Appellant.
Court composed of BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, and MICHAEL G. SULLIVAN, Judges.
WOODARD, Judge.
On August 1, 1997, the State charged Ronald Randle, by bill of information, with simple burglary, unauthorized entry of an inhabited dwelling, theft, and felony grade illegal possession of stolen things, violations of La.R.S. 14:61, La.R.S. 14:62.3, La. R.S. 14:67, and La.R.S. 14:69, respectively. Additionally, on August 23, 2000, it charged him with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). Based on a plea agreement, he pled guilty to felony illegal possession of stolen things and possession *660 of marijuana with intent to distribute in exchange for the State's dismissal of the remaining charges.
The trial court sentenced Mr. Randle to serve ten years at hard labor, with six years suspended, on the possession of marijuana with intent to distribute conviction and five years at hard labor, one year suspended, on the illegal possession of stolen things conviction, both, to run concurrently. Additionally, he received five years supervised probation upon release. Furthermore, the court informed him that the sentences were subject to diminution for good behavior and that they were not enhanced pursuant to any habitual offender laws. Lastly, it informed him of the time delays for seeking post conviction relief.
Mr. Randle filed a motion to reconsider his sentence, which the court, ultimately, denied. He appeals.

* * * * *
On June 17, 1997, Deputy Howard Vincent and Deputy Sittig were dispatched to Mr. and Mrs. Greg and Tammy Naquin's home for an alleged burglary. Fresh footprints led them from the Naquin home to Mr. Joseph Papillion, Jr.'s home, next door. Ronald Randle, among others, resided with Mr. Papillion. After consent, the deputies searched the home and found the Naquins' belongings in Mr. Randle's possession.
On January 29, 1999, Corporal Chaddick and Corporal Harrell observed Mr. Randle, riding his bicycle away from a lawnmower, late at night, in the middle of the road. During a patdown, he continuously attempted to put his hand in his pocket. Corporal Harrell reached into the pocket and located a cell phone bag, containing ten marijuana cigars. After being Mirandized, Mr. Randle stated that he smokes marijuana but does not sell it.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent. After reviewing the record, we find three.
The first two involve Mr. Randle's sentences. The trial court sentenced him for both convictions in one proceeding. He received a ten year sentence, with six years suspended, for possession of marijuana with intent to distribute, and five years, one year suspended, for illegal possession of stolen things, to run concurrently with his sentence for possession of marijuana with the intent to distribute. However, the issue of probation remained unclear. Later in the proceeding, the trial court stated:
Actually, that's why I gave him the ten years and suspended the balance. The other five of those six years that were suspended will be probated and held over his head for him to stay out of trouble, pursuant to the conditions of Article 893.1. [He later clarified that he meant to refer to article 895.]
. . . .
And further, that he would make restitution, once it's determined, with regard to the amount of items that were taken.
. . . .
All right. I'm sorry if I didn't indicate, but it is five years supervised probation, following his release, under the condition of 893.1, which would include, as I indicated, restitution, no crimes, and he will have to pay the $50 per month supervision fee during that time frame.
. . . .
And undergo drug screening as ordered by the Office of Probation and Parole.
Although the lower court does not make it clear, it is possible to infer that it placed *661 the Defendant on probation on both counts. In the first sentence, the court refers to the ten-year sentence that it imposed for possession with the intent to distribute marijuana. However, the court appears to be referring to that same sentence when it states that "[t]he other five of those six years that were suspended will be probated and held over his head[.]" The trial court's reference to six years is a reference to the six years that were suspended on the possession with the intent to distribute marijuana sentence, and its reference to five years is to the five years of probation. In the very next sentence, however, the court appears to be contemplating the sentence for illegal possession of stolen things because it imposed restitution for the items taken as a condition of probation. Then, in the final sentence of the above excerpt, the trial court appears to contemplate the sentence imposed for possession with the intent to distribute marijuana, since it ordered the Defendant to undergo drug screening as a condition of probation. Thus, it appears that the trial court may have been contemplating both sentences when it imposed the five years of probation, intending to impose probation on both counts.
However, another error patent adds to the ambiguity of the sentences imposed. The trial court ordered that Mr. Randle "make restitution, once it's determined, with regard to the amount of items that were taken." Later, it ordered that the Defendant be responsible for only one-half of the restitution, as there was a codefendant involved. To begin with, it is unclear whether the trial court ordered restitution as a condition of probation or as La.Code Crim.P. art. 883.2 requires. La. Code Crim.P. art. 883.2 requires the court to impose restitution to the victim where the court finds that the victim suffered an actual pecuniary loss or incurred costs of prosecution without requiring suspension of a defendant's sentence. This article, however, does not apply, in this case, as the offense occurred prior to the article's effective date.[1] Thus, if the trial court was ordering restitution under La.Code Crim.P. art. 883.2, it did so improperly.
If, however, it imposed restitution as a condition of probation, it is not clear whether the trial court intended for it to be a condition of probation on one or both counts. Because it stated that he should pay restitution to the victims for the items taken, it appears that the court intended it to be a condition of the probation for illegal possession of stolen things. However, it did not specify such, and, restitution could arguably be a proper condition for possession with the intent to distribute marijuana if restitution were reasonably related to his rehabilitation on that offense. Consequently, the uncertainty as to the court's intent in the imposition of restitution adds to the ambiguity of the sentences imposed. Therefore, we find that the sentences are indeterminate. Accordingly, we vacate them and remand for resentencing.
Additionally, the trial court failed to set the amount of restitution, an error which, alone, renders a sentence illegal. Therefore, upon remand, we instruct the court that if it imposes restitution as a condition of probation, it should specify what count or counts that the condition applies to, as well as the amount of restitution owed.[2]
*662 The third error patent occurred when the court advised Mr. Randle, at sentencing, that he had "two years from the date your sentence became final, which is today, to request any post-conviction relief ..." rather than the two-year time period beginning from the finality of a defendant's conviction and sentence.[3] Thus, we order the trial court to advise him of the correct provisions of La.Code Crim.P. art. 930.8 at resentencing.

EXCESSIVENESS OF SENTENCE
Mr. Randle contends that the trial court failed to consider mitigating circumstances when sentencing him and that it failed to consider his age, first felony offender status, as well as the remorse that he expressed during the sentencing hearing.
La.Code Crim.P. art. 894.1(C) provides that the sentencing court shall state the considerations taken into account and the factual basis in imposing sentence. In State v. Williams,[4] this court has interpreted La.Code Crim.P. art. 894.1(C) to mean:
The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. If there is an adequate factual basis for the sentence contained in the record, the sentencing court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La. Code Crim.P. art. 894.1.
(Citations omitted.)
The trial court noted several mitigating and aggravating circumstances during Mr. Randle's sentencing. Specifically, it noted that his criminal conduct did not cause or threaten serious harm and that he was a first felony offender. Furthermore, it mentioned his age regarding the number of offenses he committed between the ages of seventeen and twenty-one. Moreover, its reference to aggravating circumstances was limited to the fact that a controlled dangerous substance was involved and that an intent to distribute was present, thereby, providing him with the opportunity to obtain substantial income from the drug activities. The trial court concluded its discussion of aggravating and mitigating circumstances by stating, "Those aggravating and mitigating circumstances not mentioned were considered by the Court and considered either irrelevant or insignificant to the instant offenses and the defendant herein."
In addition to the mitigating and aggravating factors, enumerated in La.Code Crim.P. art. 894.1(B), the trial court addressed 894.1(A) factors in its reasons for sentence. La.Code Crim.P. art. 894.1(A) provides that if a defendant has been convicted of a felony or a misdemeanor and one of the following conditions exists, the court shall impose a sentence of imprisonment:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
*663 Specifically, the trial court noted that Mr. Randle had been charged with other crimes, which were pending at the time of his sentencing for the instant convictions. The court referenced a second-degree battery charge and a simple burglary charge. However, the pre-sentence investigation report contained an offense report of a second degree battery that occurred on September 21, 2001 and a simple battery that occurred on or around the same date. The court noted that Mr. Randle committed the offense upon his girlfriend, and the pre-sentence investigation report cited two additional victims. The court stated, "Apparently there is a risk that other offenses would be committed, since one has been alleged, and it is consistent with his history since 1997[.]" Furthermore, the court addressed whether Mr. Randle needs correctional treatment provided most effectively by commitment to an institution. It noticed that he served seven months, was released, and "continued to get in trouble with the law upon his release." We find that the court's reference to the mitigating and aggravating circumstances, in addition to its reference of factors taken into consideration for imposing sentence, as La. Code Crim.P. art. 894.1(A) provides, satisfies the requisites of La.Code Crim.P. art. 894.1(C).
In determining whether a sentence is constitutionally excessive, this court applies the following standard in State v. Walker:[5]
Article I, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering.
(Citations omitted.)
Also, in State v. Cook,[6] the Louisiana Supreme Court held:
The only relevant question on review, however, was "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate."
(Citations omitted.) Furthermore, in State v. Howard:[7]
The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.
(Citations omitted.)
Mr. Randle was convicted of illegal possession of stolen things and possession of marijuana with intent to distribute. A conviction of felony illegal possession of stolen things carries with it a sentencing range of zero to ten years with or without hard labor and a maximum fine of three thousand dollars. Possession of marijuana with intent to distribute carries a possible sentence of five to thirty years and a maximum fine of fifty thousand dollars. Nevertheless, the trial court sentenced him to serve five years, one year suspended for the felony illegal possession of stolen *664 things conviction and ten years, six years suspended, for the possession of marijuana with intent to distribute conviction. The sentence for possession of marijuana with intent to distribute falls within the lower third of the sentencing range for that crime, and his sentence for illegal possession of stolen things is a mid-range sentence.
Additionally, Mr. Randle's sentences were ordered to run concurrently instead of consecutively. Pursuant to La.Code Crim.P. art. 883, the convictions were not part of a common scheme or plan, since the State charged him with felony illegal possession of stolen things in 1997 and with possession of marijuana with intent to distribute in 2000. Therefore, he could have been sentenced to consecutive sentences.
Notwithstanding, considering the benefits that he received from his plea agreement, his sentences are not excessive. Mr. Randle entered into a plea agreement with the State. In exchange for his plea to felony illegal possession of stolen things and possession of marijuana with intent to distribute, the State dismissed the following charges: simple burglary, unauthorized entry of an inhabited dwelling, and theft over five hundred dollars, as well as two traffic charges. The dismissal of the charges lessened his sentencing exposure. Simple burglary carries a potential imprisonment term of twelve years, unauthorized entry of an inhabited dwelling has a potential imprisonment term of six years, and theft over five hundred dollars has a potential imprisonment term of ten years. Additionally, the traffic charges exposed him to potential maximum fines of one hundred seventy dollars and/or imprisonment of a maximum thirty days, pursuant to La.R.S. 32:57. Because he pled to possession of marijuana with intent to distribute and illegal possession of stolen things, his sentencing exposure was limited to a maximum of forty years, instead of sixty-eight years and sixty days.
Moreover, factually similar cases support the trial court's sentences. For example, in State v. Holiday,[8] the first circuit upheld a ten-year sentence for a felony illegal possession of stolen things conviction. Holiday pled guilty to illegal possession of stolen things. Prior to sentencing, the defendant asked the court for leniency and supported his request by stating that he had a family, had been out of trouble since 1985 and he was trying to "go straight."[9] The trial court responded that it felt there was an undue risk that during the suspended period, the defendant would commit another crime. It supported this statement by referring to defendant's "rap sheet" and imposed the maximum sentence because of Holiday's past record, the undue risk that during a period of suspended sentence he would commit another crime, his need for correctional treatment, and that a lesser sentence would deprecate the seriousness of the crime.
Mr. Randle, like Holiday, expressed his wish to have his "life back together" and further expressed remorse for what he did. The trial court, in the instant case, expressed concern because he had committed another crime while awaiting sentencing. It viewed the convictions and the continued criminal activity as support for its opinion that Mr. Randle would continue with criminal activity. Also, the trial court, in Holiday, stated that the defendant was in need of correctional treatment that could be provided most effectively by his commitment to an institution. Here, *665 the trial court specifically noted that Mr. Randle was in need of correctional treatment and supported its opinion by referring to his continued criminal activity. The reasoning, which the first circuit employed, is applicable in the instant matter, since the Holiday court considered the likelihood that the defendant would continue his criminal activity, despite his expressed desire to stop his participation in same.
Considering that Mr. Randle benefitted from his plea agreement, that the imposed sentences were in the lower sentencing ranges, and that the sentences were ordered to be served concurrently, we find that the trial court did not abuse its discretion in sentencing him as it did.

CONCLUSION
Mr. Randle pled guilty to felony grade illegal possession of stolen things and possession of marijuana with intent to distribute in exchange for the State's dismissal of the remaining charges against him. The trial court sentenced him to ten years at hard labor, with six years suspended, on the possession of marijuana with intent to distribute conviction and five years at hard labor, one year suspended, on the illegal possession of stolen things conviction, both, to run concurrently. Additionally, he received five years supervised probation upon release. Because of three patent errors, we vacate Mr. Randle's sentences as indeterminate and remand the case for resentencing. Moreover, if the trial court chooses to impose restitution as a condition of probation, we, then, order it to specify the count or counts on which the condition is imposed, as well as the amount of restitution owed. Finally, we instruct the trial court to advise the Defendant of the correct provisions of La.Code Crim.P. art. 930.8 at resentencing.
SENTENCES VACATED, CONVICTION AFFIRMED, AND REMANDED FOR RESENTENCING WITH INSTRUCTIONS.
NOTES
[1] See State v. Miller, 99-950 (La.App. 3 Cir. 2/2/00); 757 So.2d 744.
[2] See State v. Dauzat, 590 So.2d 768 (La.App. 3 Cir.1991), writ denied, 598 So.2d 355 (La. 1992).
[3] See La.Code Crim.P. art. 930.8.
[4] 96-37, p. 3 (La.App. 3 Cir. 6/26/96); 677 So.2d 692, 695.
[5] 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96); 677 So.2d 532, 534, writ denied, 96-1767 (La.12/06/96); 684 So.2d 924.
[6] 95-2784, p. 3 (La.5/31/96); 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
[7] 414 So.2d 1210, 1217 (La.1982).
[8] 598 So.2d 524 (La.App. 1 Cir.), writ denied, 600 So.2d 659 (La.1992).
[9] Id. at 530.