COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

ANTHONY R. WILLIAMSON

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, NO. 65,604
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Oswald A. Decuir and James T. Genovese, Judges.

**SENTENCES VACATED; CASE REMANDED WITH INSTRUCTIONS.**


**Kenota Pulliam Johnson**
**Louisiana Appellate Project**
**Post Office Box 5581**
**Shreveport, Louisiana 71135**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     Anthony R. Williamson


**William E. Tilley**
**District Attorney – Thirtieth Judicial District**
**Terry W. Lambright**
**Post Office Box 1188**
**Leesville, Louisiana 71446**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     State of Louisiana

**GENOVESE, Judge.**

On May 5, 2004, Defendant, Anthony R. Williamson, pled guilty to two counts of felony theft in violation of La.R.S. 14:67. On July 27, 2004, the Defendant was sentenced on each count to serve five years at hard labor, suspended, four years supervised probation, and ordered to pay a fine of one thousand dollars. The court also ordered restitution in the amount of $16,996.75, with a minimum of two thousand dollars to be paid toward said restitution every year.

On appeal, the Defendant seeks review of his sentences.

## FACTS

According to the recitation of facts at Defendant's guilty plea on September 21, 2003, Defendant entered a storage building and took various items "including box springs, mattresses, washer/dryer, numerous furniture items and tires of an approximate value of $5,550.00." The Defendant also entered a nearby storage area and took over five hundred dollars in liquor.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent.

After ordering each of the Defendant's sentences to run concurrently, and after suspending the execution of each sentence, the trial court placed the Defendant on supervised probation for a period of four years. The trial court failed to specify, however, whether the four-year probationary period applied to one or both counts of theft. Thus, the sentences imposed by the trial court are indeterminate. This court faced a similar issue in *State v. Taylor*, 01-680, p. 2 (La.App. 3 Cir. 11/14/01), 801 So.2d 549, 550, wherein this court stated the following:

1

> After suspending five years of the defendant's eight-year sentence and the totality of the six-year sentence, the trial court imposed a five-year supervised probation period. It is unclear, however, to which sentence this probation period applies or whether it applies to each. Thus, the sentences are indeterminate and in violation of La.Code Crim.P. art. 879, which provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."
>
> Finding the defendant's sentences indeterminate, we vacate the sentences and remand this matter to the trial court for the imposition of determinate sentences. In doing so, we instruct the trial court to specify whether the periods of probation are to be served concurrently or consecutively and upon what point the probated sentences begin as to each count. *See* La.Code Crim.P. art. 883.

*Id.* at 550.

Likewise, this court finds the sentences imposed in the present case are indeterminate.

Accordingly, the sentences are vacated and the case remanded for the imposition of

determinate sentences. This court instructs the trial court "to specify whether the

periods of probation are to be served concurrently or consecutively and upon what

point the probated sentences begin as to each count." *Taylor*, 801 So.2d at 550.

Another aspect of the sentences imposed by the trial court is ambiguous. The

trial court ordered the Defendant to pay restitution to three victims, but did not

specify on which count or counts each amount of restitution was owed. In *State v.*

*Randle*, 02-309, pp. 3-4 (La.App. 3 Cir. 10/2/02), 827 So.2d 657, 661, this court

stated the following when faced with a similar issue:

> If, however, it imposed restitution as a condition of probation, it is not clear whether the trial court intended for it to be a condition of probation on one or both counts. Because it stated that he should pay restitution to the victims for the items taken, it appears that the court intended it to be a condition of the probation for illegal possession of stolen things. However, it did not specify such, and, restitution could arguably be a proper condition for possession with the intent to distribute marijuana if restitution were reasonably related to his rehabilitation on that offense. Consequently, the uncertainty as to the court's intent in the imposition of restitution adds to the ambiguity of the sentences imposed. Therefore, we find that the sentences are indeterminate. Accordingly, we vacate them and remand for resentencing.

*Id.* at 661.

2

Likewise, the trial court's failure to specify on which count or counts each order of restitution was imposed creates ambiguity in the sentences imposed in the present case. In its conclusion, the court in *Randle* instructed the trial court as follows:

> Moreover, if the trial court chooses to impose restitution as a condition of probation, we, then, order it to specify the count or counts on which the condition is imposed, as well as the amount of restitution owed.

*Id.* at 665.

Accordingly, we also remand this case to the trial court with instructions that it specify the count or counts upon which the conditions of probation were imposed, as well as the amount of restitution owed.

## ASSIGNMENTS OF ERROR

On appeal, the Defendant assigns the following errors:

1. The trial court erred in ordering an amount of restitution that is so large that the Defendant is destined for failure.

2. The trial court erred in ordering restitution for property which was not listed in the arrest warrant.

3. The trial court erred in ordering restitution for property which the Defendant did not plead guilty to stealing.

4. The conditions of probation violates Louisiana statutory requirements set forth in La.C.Cr.P. art. 895, and Defendant's right to fundamental fairness required by the Fourteenth Amendment.

5. The trial court violated the Defendant's constitutional rights as set forth in *Blakely v. Washington*.

6. The trial court erred in denying the Defendant's constitutional right to present a defense.

7. The trial court has failed to comply with the mandates of Article 894.1 in particularizing the sentences in this case for this offender and offenses.

8. The trial court erred in imposing an excessive sentence.

9. The trial court erred in denying the Defendant's Motion to Reconsider the Sentence.

The bill of information charging the Defendant stated:

COUNT NO. 1:     commit the offense of simple burglary of a storage structure, in violation of R.S. 14:62 (A Felony)

COUNT NO. 2:     commit the offense of theft over $500.00 with the approximate value being $5,550.00 in violation of R.S. 14:67 (A Felony)

COUNT NO. 3:     commit the offense of theft over $500.00, in violation of R.S. 14:67 (A Felony)

The plea agreement did not mention restitution. At Defendant's sentencing hearing, his attorney informed the court that the Defendant returned to the owners everything that was taken. The trial court responded that he had different information from the pre-sentence investigation report and district attorney's office. Defendant's attorney then stated that if the court was seeking restitution, that the Defendant be given an opportunity to present evidence of what was taken and returned. The trial court denied the request, stating that the Defendant had not filed a motion for a pre-sentencing hearing.

Upon sentencing the Defendant, the court ordered restitution as follows:

Next that you make victim restitution as follows: First, to Ross Investments in the amount of $1,427.75. Next, to John Johnson, that is what - for the victim who is connected with the Pegasus Lounge, in the amount of $1,500.00. And, finally, to Carolyn Lachs - L A C H S - in the amount of $14,070.00 in conjunction with that - and that's the Somewhere In Time victim. The individual who has the store is Ms. Lachs. In conjunction with that, the court's going to order to be filed into the record a listing of the items, the values, what was returned or retrieved and what was not and the court accepted these values because this was a store that dealt with the resale, I guess is the best way to put it, of used items and Ms. Lachs, as the operator of that business, placed values on those and the court has accepted those values and I'm going to order that this be filed into the record. The - I'm not going to set a pay plan at this point in time on a monthly basis for the victim restitution cause it is substantial and I don't know what Mr. Williamson's income will be from month to month. But, I'm going to make it a minimum condition of $2,000.00 per year to the victim restitution aspect of the sentence. That would be distributed in a proportionate manner to the victims in the calculations based upon the Probation Officer and the prorated amount that each victim is entitled to

4

based on the total.

Several criminal code articles provide for restitution. Louisiana Code Criminal Procedure article 895 provides, in pertinent part:

> A.     When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following. That the defendant shall:
>
> . . . .
>
> (7)     Make *reasonable reparation or restitution* to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;

La.Code Crim.P. art. 895(A)(7). (Emphasis added).

Louisiana Code Criminal Procedure article 883.2 provides:

> In all cases in which the court finds *an actual pecuniary loss* to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.

(Emphasis added).

Louisiana Code Criminal Procedure article 895.1(A)(1) provides:

> When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered *any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain.* However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

(Emphasis added).

Lastly, La.Code Crim.P. art. 895.1(B)(5) provides:

> B.     When a court suspends the imposition or the execution of a

sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:

. . . .

(5)    To the victim to compensate him for his *loss and inconvenience*. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.

(Emphasis added).

It is well-settled that a trial court has vast discretion in sentencing decisions, including the imposition of restitution. In *State v. Reynolds*, 99-1847, p. 4 (La.App. 3 Cir. 6/7/00), 772 So.2d 128, 131 this court stated:

> The trial court's decision in ordering restitution should not be disturbed absent an abuse of discretion. *State v. Metlin*, 467 So.2d 876 (La.App. 3 Cir.1985).

*Id.* at 131.

In *State v. Sandifer*, 359 So.2d 990 (La.1978), the Louisiana Supreme Court vacated the restitution condition of a defendant's probation and remanded the case to the trial court for an evidentiary hearing. One of the defendants argued that the amount of restitution was in excess of the value of the merchandise taken through forgery. The court noted that La.Code Crim.P. art. 895.1 allows restitution not only for the specific value of the property lost, but in an amount to compensate for the victim's "loss and inconvenience." However, the court stated:

> The record is silent as to the trial judge's reasons for ordering restitution far in excess of the value of the merchandise. However, the conditions of probation are subject to modification at any time. LSA-C.Cr.P. Art. 896. Hence, in affirming the sentence, we will vacate that condition of probation and instruct the trial judge to conduct a hearing to afford the defendant an opportunity to demonstrate that the amount of restitution is excessive and to fix the amount of restitution in the light of the showing made.

*Id.* at 992-93.

This court is unable to review the legality of the trial court's restitution order

6

because the record is inadequate. The record fails to contain a complete listing of the stolen items, their values, and what was returned or retrieved. The trial court referred to this restitution information when pronouncing sentence, and ordered that this information be filed into the record. Upon request to the clerk of court, an exhibit was received by this court consisting of a one-page handwritten list of items in what appears to be estimated values for each item with a total of $14,070.00. This is the same list, without the additional notes and date stamp, found on page 64 of the appeal record. The exhibit does not identify the owner of the items, although the amount is consistent with the order of restitution payable to Carolyn Lachs. The exhibit also does not contain any information regarding the other two amounts of restitution ordered to two additional victims. In addition, the list contains confusing notations that may indicate some of the stolen property was returned to the owner. This court is unable to determine the merits of the Defendant's claims without more specific information.

Therefore, we order the trial court to conduct a restitution hearing and give both parties an opportunity to present evidence concerning the amount of restitution owed.

**DISPOSITION**

The sentences imposed by the trial court are hereby vacated as being indeterminate and the case is remanded for resentencing. The trial court is instructed that if it orders probation, it is to specify on which count or counts probation is being ordered, and whether the periods of probation are to be served concurrently or consecutively. This court further instructs the trial court that if restitution is ordered as a condition of probation, it is to specify the count or counts on which restitution is imposed, and both the prosecution and the defense are to be given an opportunity

7

to present evidence concerning the amount of restitution owed.

**SENTENCES VACATED; CASE REMANDED WITH INSTRUCTIONS.**

8