STATE OF LOUISIANA
v.
CHARLES LOUVIER.
No. 08-96.
Court of Appeals of Louisiana, Third Circuit.
May 28, 2008.
EARL B. TAYLOR, District Attorney, JENNIFER M. ARDOIN, Assistant District Attorney, Counsel for Appellee: State of Louisiana.
W. JARRED FRANKLIN, Louisiana Appellate Project, Counsel for Defendant-Appellant.
Court composed of SYLVIA R. COOKS, GLENN B. GREMILLION and JAMES T. GENOVESE, Judges.
COOKS, Judge.
Defendant, Charles Louvier, was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(C), and with possession of alprazolam, a violation of La.R.S. 40:969(C). Defendant pled guilty to the charges and was sentenced to serve three years at hard labor on each count, with the sentences to run concurrently. Defendant was also ordered to pay a $1,000.00 fine.
A Motion to Reconsider Sentence was filed and denied following a hearing. Defendant is now before this court on appeal, asserting that his sentences are excessive. We find Defendant's sentences must be vacated due to an error patent.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent requiring that Defendant's sentences be vacated and the case remanded for resentencing.
In sentencing Defendant, the trial court stated:
I'm going to sentence him to serve three years at hard labor on each count, run the same concurrent with one another, and also a one thousand dollar fine.
It is not clear whether the court imposed the $1,000.00 fine on one or both of Defendant's convictions, rendering the sentence indeterminate. In similar situations, this court has vacated the sentences and remanded for the imposition of determinate sentences. In State v. Morris, 05-725 (La.App. 3 Cir. 12/30/05), 918 So.2d 1107, we found the trial court imposed indeterminate sentences because it failed to specify on which count or counts the defendant was placed on probation. The case was remanded for resentencing, with the trial court being instructed that if probation was imposed, it should specify on what count or counts it was being imposed. See also, State v. Williamson, 04-1440 (La.App. 3 Cir. 3/2/05), 896 So.2d 302, State v. Monceaux, 04-449 (La.App. 3 Cir. 10/20/04), 885 So.2d 670, and State v. Taylor, 01-680 (La.App. 3 Cir. 11/14/01), 801 So.2d 549.
Accordingly, Defendant's sentences are vacated and the case remanded for resentencing, with the trial court being instructed that if a fine is imposed, it should specify on which count or counts the fine is being imposed.

ASSIGNMENT OF ERROR
In his sole assignment of error, Defendant argues the sentences imposed are excessive. Because of our decision to vacate the sentences due to an error patent, a discussion of the merits is pretermitted.

DECREE
For the foregoing reasons, Defendant's sentences are vacated and the case remanded for resentencing, with the trial court instructed that if a fine is imposed, it should specify on which count or counts the fine is being imposed.
SENTENCES VACATED AND SET ASIDE; REMANDED WITH INSTRUCTIONS.