ROSEMARY LEDET, Judge.
Bln this criminal appeal, the defendant, Kevin Meredith, seeks review of the sentence imposed on him. Particularly, he challenges the district court’s imposition of a requirement that he pay $40,000 in restitution to the victim of the offense. Finding no error, we affirm.

STATEMENT OF THE CASE

On July 8, 2010, the State filed a bill of information charging Mr. Meredith with one count of theft valued at $500 or more. On July 26, 2010, Mr. Meredith pled not guilty. On November 7, 2011, he withdrew his not guilty plea and tendered a plea of guilty as charged pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On January 20, 2012, the district court denied Mr. Meredith’s oral motion to withdraw his Alford plea. On that same date, a restitution and sentencing hearing was held. Following the hearing, the district court sentenced Mr. Meredith to five years in the custody of the Department of Corrections, which was suspended, and five years of active probation.[1] The court imposed the following special condition: “[t]he defendant must pay restitution to the victim in |2the amount of $40,000.00. Payments will be made monthly through probation and parole.” This appeal followed.

STATEMENT OF THE FACTS

Because Mr. Meredith pled guilty to the charge, no trial took place. However, before Mr. Meredith entered his Alford plea, the State articulated the facts that it would assert against him had he gone to trial were as follows: “Kevin Meredith entered into a contract for construction of a residence on General Ogden on May 16th, 2011. He — money had been paid over in the form of two checks. Work on the said contract was never completed and the money was not refunded.” Similarly, Mr. Meredith notes in his appellant brief that the State, through discovery filed in the record, has alleged the following facts:
[Mr.] Meredith entered into a written contract with a Matthew Person to repair damage to Mr. Person’s residence following Hurricane Katrina. Mr. Person provided Mr. Meredith with $44,000 and alleges that only $4,000 of work was completed by Mr. Meredith.... [A] judgment in the amount of $40,000 plus $20,000 in interest and penalties was awarded to Mr. Person’s [sic] in connection with this case in Civil District Court. However, that judgment was subsequently discharged in a Federal bankruptcy proceeding.

DISCUSSION

ERRORS PATENT

A review of the record for errors patent reveals none.

ASSIGNMENTS OF ERROR

Mr. Meredith’s two assignments of error are as follows:
1. The trial court failed to hold a full evidentiary hearing and make the proper inquiries into the amount of *557 restitution owed including the ability of the Defendant to pay and a determination of what, if any, monies had been paid in accordance with a civil court judgment and a bankruptcy proceeding linked to the same facts and circumstances of the case at bar.
[¾2. The restitution ordered in the case at bar is constitutionally excessive.
Although he asserted two assignments of error, Mr. Meredith briefed them together. We likewise address his assignments of error together. The gist of'Mr. Meredith’s arguments is that the district court erred in imposing an excessive sentence by ordering an excessive amount of restitution.
Under La.C.Cr.P. art. 883.2(A), the district court is required to order restitution to the victim as part of the defendant’s sentence when the victim suffered a pecuniary loss.[2] Moreover, when a court places a defendant on probation, it is required as a condition of that probation to order payment to the victim of restitution for direct losses caused by the offense. La.C.Cr.P. art. 895 A.(7)[3] and 895.1.[4] “The court should determine the amount of restitution after a hearing allowing both sides to present evidence and offer argument as to the amount.” Gail Dalton Schlosser, LA. CRIM. TRIAL PRAC. § 26:4 (4th ed.2012).
|4A district court has “vast discretion in sentencing decisions, including the ordering of restitution.” State v. Portie, 08-1580, p. 23 (La.App. 4 Cir. 9/16/09), 22 So.3d 213, 227 (citing State v. Coward, 07-0421, p. 7 (La.App. 3 Cir. 10/3/07), 967 So.2d 580, 585; State v. Williamson, 04-1440, p. 6 (La.App. 3 Cir. 3/2/05), 896 So.2d 302, 307); see also State v. Peters, 611 So.2d 191, 192 (La.App. 5th Cir.1992)(citing State v. Metlin, 467 So.2d 876 (La.App. 3rd Cir.1985)).
*558 Mr. Meredith acknowledges the principle that a district court has discretion in setting the amount of restitution. Nonetheless, he points out the following additional principles that the sentencing court must consider:
• the sentencing court’s discretion is subject to a reasonableness standard;
• the sentencing court must consider both the defendant’s ability to pay restitution and any payments already made by him;
• the sentencing court must consider civil judgments and bankruptcy proceeding in setting the restitution amount;
• a defendant’s inability to pay due to his indigence cannot result in jail time;
• an order that a defendant pay a restitution amount beyond his ability to pay serves no meaningful sentencing purpose and is constitutionally excessive; and
• an impossibly burdensome restitution may make an otherwise constitutional sentence constitutionally excessive.
Based on these principles, Mr. Meredith contends that his sentence is constitutionally excessive because the record is devoid of the factors that contributed to the district court’s decision to order $40,000 in restitution. He further contends that the district court failed to conduct a hearing at which his ability to pay and his prior payments pursuant to a civil judgment and bankruptcy | ^proceeding were taken into consideration. He thus seeks a remand for a full evidentiary hearing and resen-tencing.
The State counters that the record reflects the district court was aware of Mr. Meredith’s discharge' in bankruptcy and considered this factor in setting the restitution amount. The State further counters that there is no evidence that Mr. Meredith supports anyone other than himself or that his earning capacity is so low that it is unlikely he will be able to earn enough to pay the $666.67 monthly restitution amount ordered by the district court ($40,-000 over a five year period). The State thus contends that the district court did not abuse its discretion in setting the amount of restitution. We agree.
Although Mr. Meredith contends that he was not afforded a proper hearing, the record does not support that contention. At the restitution and sentencing hearing, the following colloquy occurred:
BY THE COURT:
All right. Let the record reflect that I have had a side bar with the State of Louisiana and Mr. Jenkins and I did ask Mr. Persons (victim) to step up, just so I could clarify a few things. And documents have been presented to me, as far as the amount, the alleged amount owed as being forty thousand dollars. And I understand, Mr. Jenkins, that you contest that amount owed.
BY MR. JENKINS:
I contest that. And I contest that you have an alleged victim and defendant using this court as a debtor’s court, based on the fact that he didn’t exhaust all his remedies in the state proceeding.
BY THE COURT:
And I understand what your argument is. But I have reviewed those documents. And there was a judgment in civil district court, granting Mr. Persons forty thousand dollars; plus it ap-. peared to be twenty thousand dollars in damages and interest. And then that was also discharged in Mr. Meredith’s bankruptcy proceedings.
So then Mr. Persons was not able to recover that amount owed because the bankruptcy court did, in fact, discharge it. But I believe that that is separate and apart from what I have here. And I *559 understand [¿you’re arguing the doctrine of double jeopardy; and not so much the specific double jeopardy—
BY MR. JENKINS:
Right. Not the principal [sic]—
BY THE COURT:
But the doctrine. I understand.
BY MR. JENKINS:
But the doctrine of using one court when he’s lost in one forum to come on into another form.
BY THE COURT:
But I have reviewed the cases that you presented to me and I do think that those cases are distinguishable from what we have here. But, more importantly, Mr. Meredith did enter a plea of guilty under his best interest.
BY MR. JENKINS:
That’s correct.
BY THE COURT:
And I believe that there is restitution owed in this matter. And I have reviewed those. And I’m going to order that he pay Mr. Persons forty thousand dollars in restitution.
The district court thus was aware of the civil proceedings and the bankruptcy case.
Mr. Meredith’s complaint about the restitution hearing is unfounded. So far as the record reveals, he neither claimed that he was entitled to any credit (due to payment) on the amount owed, nor requested that the sentencing- judge consider his “earning capacity and assets.” See La. C.Cr.P. art. 895.1 A(1). And even if he had, and the sentencing judge had refused in error, Mr. Meredith would have been required to proffer the evidence for our review. See State v. Magee, 11-0574, pp. 60-61 (La.9/28/12), 103 So.3d 285, 326. A proffer can be “either in the form of a complete record of the excluded testimony or a statement describing what the party expects to establish by the excluded evidence.” Magee, 11-0574 at p. 61, 103 So.3d at 326 (citing State v. Adams, 537 So.2d 1262, 1264-65 (La.App. 4 Cir.), aff'd in part, rev’d in part, 550 So.2d 595 (1989)). Not even in his brief has Mr. Meredith indicated to us how the sentencing judge miscalculated either the direct loss of actual cash value to the victim or Mr. Meredith’s earning capacity or assets.
Moreover, the restitution amount set by the sentencing judge in this case is justified by the pecuniary loss suffered by the victim. See State v. Shell, 46,983, pp. 10-11 (La.App. 2 Cir. 3/7/12), 87 So.3d 934, 940-41. Insofar as Mr. Meredith’s argument that the district court failed to consider his inability to pay that amount, we note the following principles recited by the court in Shell, supra:
There is a world of difference between a probationer who can’t pay, as opposed to one who just won’t pay. If the defendant is truly unable to pay the restitution, he should not be imprisoned for that failure. We do not have debtors’ prisons in the United States, even for contractors who betray the trust of a church.
Shell, 46,983 at pp. 10-11, 87 So.3d at 940-41. The record in this ease, as the State points out, is devoid of any evidence that Mr. Meredith is truly indigent. We thus find no abuse of discretion in the district court’s order setting the restitution amount at $40,000.

DECREE

For the forgoing reasons, the judgment of the district court is affirmed.
AFFIRMED

. The sentencing range for theft valued at $500 or more is imprisonment, with or without hard labor, for not more than five years, or a fine of not more than $2,000, or both. La. R.S. 14:67(B)(2).

. La.C.Cr.P. art. 883.2(A) provides that “[i]n all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.”

. La.C.Cr.P. art. 895 A provides that "[wjhen the court places a defendant on probation, ... it may impose any specific conditions reasonably related to his rehabilitation” including: "(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court.”

. La.C.Cr.P. art. 895.1 provides:
A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in [sic] discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
[[Image here]]
B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
[[Image here]]
(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.