NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-306

STATE OF LOUISIANA

VERSUS

RICKY L. MURPHY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 2017-1008
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**Post Office Box 719**
**Rayville, Louisiana 71269**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ricky L. Murphy**

**Ricky L. Murphy**
**RLCC,Cajun 1, D1, Bed 38**
**1630 Prison Road**
**Cottonport, Louisiana 71327**
**DEFENDANT/APPELLANT:**
    **Ricky L. Murphy**

**Hon. James Patrick Lemoine**
**District Attorney, Thirty-Fifth Judicial District**
**Renee Nugent**
**Assistant District Attorney**
**Post Office Box 309**
**Colfax, Louisiana 71417-0309**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**SAVOIE, Judge.**

On December 20, 2017, the Grant Parish District Attorney's Office filed a bill of information charging Defendant Ricky L. Murphy with two counts of aggravated assault with a firearm, violations of La.R.S. 14:37.4. In a separate bill, the State charged Defendant with one count of resisting an officer, a violation of La.R.S. 14:108, and two counts of simple battery, violations of La.R.S. 14:35. The State filed an amended bill on May 10, 2018; it charged Defendant with eight counts of aggravated assault with a firearm. On October 25, 2018, a jury found Defendant guilty as charged on counts one, four, and seven; guilty of attempted aggravated assault with a firearm on counts two and five; and not guilty on counts three, six, and eight.

The trial court convened for sentencing on November 29, 2018, but could not proceed because Defendant swallowed pills and was attended by emergency personnel. The trial court reset sentencing for December 6, 2018, and set a contempt proceeding for the same date. On that date, the trial court denied several defense motions and sentenced Defendant to concurrent nine and a half year sentences at hard labor for the three aggravated assault counts, concurrent five-year sentences for the two attempted aggravated assault counts, and six months in parish jail for contempt.

Defendant's Appellate counsel filed an appeal alleging two assignments of error. Defendant also filed a Pro Se brief alleging three assignments of error. For the following reasons, we affirm Defendant's convictions and remand to the trial court with instructions.

## FACTS

In 2017, a family gathering took place at a church hall in Grant Parish for a Thanksgiving dinner. Defendant was one of the attendees. He expressed dissatisfaction because the turkey was not ready when he thought it should be; he also began to complain about the presence of two lesbian members of the family. The man sitting next to him, Scott Rushing, verbally disagreed, and Defendant tried to have him go outside to fight. Rushing refused, and Defendant left the hall at his girlfriend's urging. Defendant then got into his truck and left the area.

Defendant later returned, driving fast enough that he skidded to a stop. He then got out of his truck and initiated a fistfight with another man, Mike Taylor. Rushing began recording the ensuing events on his cell phone. Defendant and Taylor became entangled and fell down together in a heap with some other family members who were trying to intervene. The fight broke up, but Defendant then punched Taylor's wife, knocking her to the ground. After a pause in the action, Defendant got back into his truck as various family members yelled about calling the police. One man attempted to reach into the truck and restrain Defendant, who then produced a shotgun. The man retreated and other family members headed for the safety of the church hall to call police, and Defendant was subsequently arrested.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent that require the sentences imposed be vacated and the case remanded for resentencing.

First, the sentences imposed for three counts of aggravated assault with a firearm are indeterminate. At the sentencing hearing, the trial court stated the following:

> For the Aggravated Assault With a Firearm, which is a crime of violence, and is being designated as such by this court, as noted by the statute. The Court sentences you to nine and half (9 ½) years at hard labor with the Department of Corrections as [sic] such institution as they may designate. That is for each count, concurrent with each other. The Court is going to order that you pay a fine of two thousand five hundred ($2,500.00) plus court cost.

We find the sentences set forth above are indeterminate because the trial court ordered Defendant to pay a $2,500.00 fine without specifying whether the fine was being imposed on a specific count or on all counts of aggravated assault with a firearm. Thus, it is unclear to which sentence the fine applies or whether it applies to each. Accordingly, the sentences imposed for aggravated assault with a firearm are vacated, and the case is remanded for resentencing. The trial court is instructed that if a fine is imposed, the trial court must specify on which count or counts of aggravated assault with a firearm the fine applies. *See* La.Code Crim.P. art. 879; *State v. Gillin*, 18-198 (La.App. 5 Cir. 10/17/18), 257 So.3d 1297; *State v. Taylor*, 01-680 (La.App. 3 Cir. 11/14/01), 801 So.2d 549.

Next, the sentence imposed for the two counts of attempted aggravated assault with a firearm is also indeterminate. The trial court stated the following:

> For the Attempt, two (2) counts of Attempt, the Court is going to sentence you to five (5) years at hard labor, concurrent with any other time. You are entitled to credit pursuant to Code of Criminal Procedure Article 880. Your sentence has not been enhanced pursuant to the provisions of the Louisiana Revised Statute 15:529.1, the Habitual Offender Bill, nor Code of Criminal Procedure Article 893.3, Use of a Firearm, or any other provision of law.

We find that the above sentence is indeterminate because the trial court imposed a single five-year hard labor sentence for both counts of attempted

3

aggravated assault with a firearm. "Where the trial court has imposed one sentence for multiple counts, this court has previously set aside the defendant's sentence on those counts as indeterminate and remanded the case to the trial court for resentencing on each count." *State v. Grace*, 10-1222, p. 19 (La.App. 3 Cir. 4/6/11), 61 So.3d 812, 825-26, *writ denied*, 11-961 (La. 10/21/11), 73 So.3d 382 (citing *State v. Monceaux*, 04-449 (La.App. 3 Cir. 10/20/04), 885 So.2d 670). Accordingly, the single sentence imposed for two counts of attempted aggravated assault with a firearm is vacated, and the case is remanded for resentencing on each count.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant argues that the trial court erred by refusing to sequester the victims in this case who were also witnesses. The controlling statute is La.Code Evid. art. 615, which states in pertinent part:

> **A. As a matter of right.** On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion.

> **B. Exceptions.** This Article does not authorize exclusion of any of the following:
>
> . . . .
>
> (4) The victim of the offense or the family of the victim.

At trial, Defendant argued that the situation in this case is unique because there are eight alleged victims. Defendant was concerned that those alleged victims would have the opportunity to observe each other's testimony, which may affect how they testify. The trial court denied Defendant's request to sequester the alleged victims based on the plain language found in La.Code Evid. art. 615(B)(4).

4

On appeal, Defendant raises the issue of the fairness and practicality in not sequestering the victim-witnesses. The State argues there was little chance of prejudice, as it introduced a video of the incident. The State cites *State v. J.M.*, 06-624 (La.App. 3 Cir. 11/2/06), 941 So.2d 686, in which this court held it was not error for the trial court to refuse sequestration for three victims, two of them sisters. One of the factors that played into both the trial court's decision and this court's, was the introduction of videotapes from The Children's Advocacy Center. *Id.* at 694. The State suggests that the disc recording in the current case is even stronger corroboration, as it recorded relevant events as they happened.

We find *J.M.* to be analogous, and it provides substantial support for the State's argument. In the present case, the jury had the benefit of not only the witnesses' testimonies but also the recording which showed much of the fighting that framed the incident and also Defendant's act of retrieving the shotgun.

In addition, the variety of the verdicts indicates the jury was able to make discerning conclusions that differentiated among the several victim-witnesses. As noted earlier, it returned three not-guilty verdicts and two reduced verdicts.

For the reasons discussed, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second and final counsel-filed assignment of error, Defendant complains his sentences are excessive. However, because we have found errors patent present and vacated Defendant's sentences, this assignment is moot.

## PRO SE ASSIGNMENT OF ERROR NUMBER ONE

In his first pro se assignment of error, Defendant argues that his trial counsel was ineffective for failing to inform him before trial of the plea offers the State had made. He acknowledges that to prevail on this claim, he must show that counsel's

5

performance was deficient and that said deficiency prejudiced his case. *See State v. Curley*, 16-1708 (La. 6/27/18), 250 So.3d 236; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

Defendant's ineffective assistance argument refers to a sentencing offer that was made after trial. At the initial sentencing hearing, the State and Defendant's counsel noted they had an agreement for Defendant to receive a six-year sentence, with five years suspended. In return, he would waive his right to an appeal, post-conviction relief, and other post-conviction motions.

However, after two victims made impact statements, Defendant made a statement in which he was decidedly unrepentant. The State promptly withdrew its sentencing offer. Counsel objected, but the trial court stated that since the sentence had not been rendered, the State was free to withdraw the offer. There is no indication in the record that Defendant was unaware of the sentencing offer before it was set forth in open court. Further, even if Defendant could establish that counsel failed to inform him of the offer, there was no prejudice to his case because he did not actually forfeit any post-conviction motions or rights. Thus, he fails to establish the second prong of *Strickland*, and this argument lacks merit. *See Strickland v. Washington*, 466 U.S. 668.

Also, Defendant argues that counsel failed to properly investigate to prepare his case but does not specify any evidence that such an investigation might have uncovered. In addition, he contends that counsel did not "ensure that the jury would be properly instructed on self-defense." This argument has no basis, as the jury charge included a self-defense instruction.

For the reasons discussed, the first pro se assignment of error lacks merit.

6

## PRO SE ASSIGNMENT OF ERROR NUMBER TWO

In his second pro se assignment of error, Defendant argues the trial court erred regarding the testimony of witnesses who observed an argument that some of the victims had with Defendant and his wife in the parking lot outside the courthouse. Defendant's argument is unclear. The trial court allowed two witnesses to testify to the incident, which we find to have reflected poorly on one of the State's victim-witnesses. According to the witnesses, one of the victims, Luz Taylor, loudly cursed the Murphys. He may be referring to the trial court's refusal to allow the court reporter to testify. However, the defense still had the benefit of two witnesses, one of whom was the local registrar of voters.

This argument lacks merit.

## PRO SE ASSIGNMENT OF ERROR NUMBER THREE

In his third and final pro se assignment of error, Defendant again states that counsel failed to inform him of a pre-trial offer for a six-year sentence, with five years suspended in return for a guilty plea. Also, he claims he went to trial due to an assurance from the trial court that at least part of his sentence would be suspended.

Trial counsel acknowledged at least twice on the record that the State had offered Defendant a three-year suspended sentence with three years of probation. Counsel stated that his client had rejected the plea offer. Defendant affirmed that he did not want to plead guilty. Defendant does not identify a place in the record where the trial court assured him of a partial suspension of sentence. No such assurance appears in the record of the plea refusal just mentioned.

For the reasons discussed, this argument lacks merit.

## <u>DECREE</u>

Defendant's convictions are affirmed. The sentences imposed for aggravated assault with a firearm are vacated as indeterminate, and the case is remanded for resentencing. The trial court is instructed that if a fine is imposed, the trial court must specify on which count or counts of aggravated assault with a firearm the fine applies. Additionally, the single sentence imposed for two counts of attempted aggravated assault with a firearm is vacated as indeterminate, and the case is remanded for resentencing on each count. Defendant's sentence for contempt is affirmed.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.