NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-394

STATE OF LOUISIANA

VERSUS

MATTHEW W. SCHILLING

**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NOS. 69,889, 69,890, 69,892, & 69,893
HONORABLE VERNON B. CLARK, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges.

AFFIRMED WITH INSTRUCTIONS.

Hon. William E. Tilley
District Attorney - 30th JDC
Asa Skinner, Asst. District Attorney
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
    State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 991-9757**
**Counsel for Defendant/Appellee**
     **Matthew W. Schilling**

**Lisa Nelson**
**P. O. Drawer 1810**
**Leesville, LA 71446**
**(337) 239-7983**
**Counsel for Defendant/Appellee**
     **Matthew W. Schilling**

GREMILLION, Judge.

In this case, the defendant, Matthew W. Schilling, pled guilty to distribution of methamphetamine, in violation of La.R.S. 40:967; possession of marijuana, in violation of La.R.S. 40:966; improper lane usage, in violation of La.R.S. 32:79; and six counts of contributing to the delinquency of a juvenile, in violation of La.R.S. 14:92. Pursuant to Defendant's plea agreement, the State dismissed five other charges against him which included possession of cocaine, having no driver's license in his possession while operating a vehicle, having an open container of alcohol in the vehicle, possession of drug paraphernalia, and distribution of marijuana. Also, pursuant to the plea agreement, the sentence for distribution of methamphetamine was not subject to age enhancements. Defendant was sentenced to serve ten years at hard labor, with all but three years suspended, and to pay a $2,500 fine plus court costs for distribution of methamphetamine; to serve six months in the parish jail and to pay a $500 fine plus court costs for possession of marijuana; to serve ten days in the parish jail for improper lane usage; and to serve six months in the parish jail on each count of contributing to the delinquency of a juvenile. The trial court then gave Defendant credit for time served and ordered all of the sentences to run concurrently. Defendant now appeals his sentence arguing that it is excessive. For the following reasons, we affirm Defendant's sentence.

**PROCEDURAL ISSUE**

In his "Motion for Appeal and Designation of Record," Defendant included lower court docket numbers 69,889, 69,890, 69,892, and 69,893, and the trial court granted the appeal on all four docket numbers. Defendant now claims that

1

docket number 69,889 was dismissed, should not have been included, and is not subject to an appeal. We agree and will not consider an appeal as to that docket number.

Additionally, Defendant notes that two other docket numbers, 69,890 and 69,893, involved misdemeanors which were not triable to a jury over which this court does not have appellate jurisdiction. However, Defendant requests that we recognize the timely motion for appeal and give him an opportunity to file a writ application if he desires to do so. Again, we agree. The proper appellate review for a misdemeanor conviction is generally by writ and not by appeal. La.Code Crim.P. art. 912.1. Therefore, based on Defendant's request and our decision in *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, we sever the misdemeanor convictions from the appeal and order Defendant to file a writ of review regarding the misdemeanor convictions in compliance with the Uniform Rules of Court if he so desires.

## FACTS

On January 21, 2006, Defendant was the subject of a traffic stop for improper lane usage. During the stop, law enforcement officers discovered marijuana, cocaine, and a set of scales in Defendant's possession. Later, during a "mourning party" held at his home on January 31, 2006, Defendant was aware that minors were smoking marijuana.[1] Defendant also provided methamphetamine to a minor female, and together they snorted lines of the illicit substance. The minor

---

[1] A group of Defendant's friends gathered at his home to console each other over the death of one of their mutual friends as a result of a drug overdose. Apparently, this took on somewhat of a party atmosphere with the introduction of drugs and alcohol.

female went into convulsions and some of her friends brought her to the hospital where she remained for three days during which time her life was in jeopardy.

## EXCESSIVE SENTENCE

In his lone assignment of error, Defendant argues that his sentence for distribution of methamphetamine was cruel, unusual, and excessive. He contends that the trial court failed to give appropriate weight to his rehabilitation efforts. He claims that both the overall sentence and the portion not suspended are excessive and suggests that an overall sentence of five years with three years suspended would be a more appropriate penalty.

The supreme court has determined that the standard for reviewing excessive sentence claims is abuse of discretion:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17 (citations omitted).

Defendant's sentence for distribution of methamphetamine falls within the statutory sentencing range. Under La.R.S. 40:967, the sentencing range for distribution of methamphetamine is imprisonment at hard labor for not less than two years nor more than thirty years and a fine of not more than $50,000. His ten-year sentence and $2,500 fine falls within the lower-range of the penalty provisions.

3

A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, (citations omitted) we said:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

Prior to sentencing Defendant, the trial court reviewed the pre-sentence investigation report; read a number of letters written on Defendant's behalf by Defendant's friends, family, and an employer; examined documentation of Defendant's participation in drug rehabilitation programs; listened to the arguments made by defense counsel; and heard the statement given by Defendant. The trial court acknowledged that Defendant is in his early twenties, that he is single without children, that he is in good health, and that he has maintained employment in the oil industry. Further, Defendant has a fiancée whom he helps to support. He has a ninth

4

grade education but has obtained his GED. Although he admitted to using a variety of drugs, after the instant offense, he voluntarily attended three different drug treatment programs; has been clean and sober for several months; and is still in an aftercare program.

The trial court considered the fact that Defendant has juvenile convictions for simple burglary and felony theft; as a result, he spent time in a juvenile detention center. It found that Defendant's actions caused both physical harm to the victim because she almost died, as well as economic harm from the hospital bills. As in all drug cases, Defendant's actions caused harm to society by contributing to the ongoing drug problem in the country, which requires additional taxes and the hiring of extra law enforcement personnel. The trial court determined that there was no excuse or justification for Defendant's distribution of the controlled dangerous substance. Finally, the trial court ultimately concluded that Defendant's offense was serious as it could have easily resulted in the victim's death and that any sentence less onerous would deprecate the seriousness of his crime.

Considering that Defendant distributed the methamphetamine to a juvenile, that he participated in use of the drugs with the juvenile victim, that the victim nearly died as a result of consuming the illegal substance, that he received one-third of the maximum sentence, and that the trial court suspended seven years of his sentence, we find that the trial court did not abuse its discretion in sentencing Defendant.

Accordingly, we find that this assignment of error is without merit and Defendant's sentence is not excessive.

5

## CONCLUSION

Defendant's sentence for distribution of methamphetamine is affirmed. Further, we do not consider the appeal in the trial court docket number 69,889 as it was dismissed. Finally, we sever Defendant's misdemeanor convictions from this appeal and instruct him that, if he chooses to seek review of his misdemeanor convictions, he must file an application seeking supervisory review with this court within thirty days of the publication of our ruling on this appeal.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.